GEORGE L. THOMPSON *vs.* BOSTON AND MAINE RAILROAD.

Essex.   November 6, 1890. — February 28, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Railroad — Master and Servant — Contributory Negligence — Evidence.*

A brakeman, who had been employed for two years in shifting cars in a railroad freight yard, upon being ordered by the conductor under whom he was working to set two brakes upon a slowly moving freight train, jumped up between two platform cars and set the brake upon one car.  Failing to set the other, and intending to set one elsewhere on the train, he put a hand on the sill of each car and proceeded to swing out the way the cars were going, without looking ahead or taking any other precaution to avoid obstructions near the track.  When he had swung clear of the cars, he for the first time saw a pile of rails beside the track, and knew he was going to strike as he let go his hold, but it was then too late to help himself, and he struck them, and was injured.  *Held,* that he could not recover against the railroad company for his injuries, either at common law or under the St. of 1887, c. 270.

In an action against a railroad company to recover for personal injuries occasioned to a brakeman while jumping from a moving freight train, an offer to prove that in so doing, without looking or being able to see where he would alight or what obstructions he would meet, he was doing only what was ordinarily done by the railroad employees engaged in like employment and under similar circumstances, with the knowledge and approval of the defendants' superintendent, was *held* to be properly excluded.

TORT, for personal injuries sustained by the plaintiff while in the defendant's employ.   The declaration contained two counts; one at common law, and the other under the St. of 1887, c. 270. The answer was a general denial.

At the trial in the Superior Court, before *Thompson,* J., the judge excluded certain evidence offered by the plaintiff; and, at the close of the plaintiff's evidence, ruled, at the request of the defendant, that the plaintiff could not recover upon either count of his declaration; and reported the case for the determination

of this court.  If the rulings were correct, judgment was to be entered on the verdict for the defendant.  If the evidence offered was wrongly excluded, or if the ruling at the close of the plaintiff's evidence was erroneous, a new trial was to be ordered. The facts appear in the opinion.

The case was argued at the bar in November, 1890, and afterwards, in February, 1891, was submitted on the briefs to all the judges.

*E. T. Burley & J. P. Sweeney,* for the plaintiff.

*S. Lincoln,* for the defendant.

BY THE COURT.  The following opinion was written by Mr. Justice DEVENS, and after his death was approved by all the Justices.

The plaintiff at the time of the accident hereinafter mentioned was eighteen years of age.  For two years he had been in the employ of the defendant, and during this time had been engaged in doing the work of a brakeman in shifting and making up freight trains in the freight yard of the defendant at Lawrence. On some occasions he had been in the charge of other brakemen, and during his employment he had received the full wages of a brakeman.  On the day of the accident he was ordered by the conductor under whom he was working to set a couple of the brakes on a freight train, which was then moving slowly.  In obedience to this instruction, he jumped upon the train, between two platform cars, and stood one foot resting upon the brake-beam of one car, and the other foot upon the brake-beam of the other car.  He succeeded in setting the brake upon one car, but could not set it upon the other.  " After failing to set the second brake, plaintiff turned around, put one hand on the sill of one car and one on the other, and then swung out the way the cars were going, striking his feet upon a pile of iron or steel railroad rails," by slipping on which he received severe injury. When he let go swinging, having swung out from between the two cars, he saw the rails, knew he was going to strike as he let go his hold, but it was then too late to help himself.  It is a fair inference from the facts stated in the report, that from where he stood between the two cars, before he swung off, he was unable to see obstructions which might be ahead and dangerously near the track on which the train was running.

The report states that there was no evidence that, before he swung from the train, he looked forward in the direction in which the train was moving, or took any other precaution to avoid obstructions upon the road-bed.   While the plaintiff testified that he left the train in order to set a brake elsewhere upon it, in pursuance of the instruction he had already received, the plaintiff had no orders which required him to leave a moving train when he could not see where he was to alight, nor was there evidence of any emergency which justified him in taking so serious a risk.

The instruction to him to set two brakes on the train did not call upon him, when he found that, in the position where he was, he could not set the second brake, to leap from the train, in entire ignorance of the dangers he might encounter from obstructions near the road-bed.   While a railroad corporation should keep its freight yard in such condition that its employees may do their work in reasonable safety, there must sometimes be piles, as of rails or sleepers, near its track, and it cannot be expected to keep the yard in such condition that they may themselves neglect ordinary precaution.   Even if it was negligence on its part to permit this pile of rails to be in the vicinity, common experience shows that the conduct of the plaintiff was also negligent; and in such case, according to well settled principles, there can be no recovery.   The plaintiff could not but know that there was a liability that obstructions might exist which would render his jump dangerous.   He had indeed seen this pile of rails " between the tracks some five or seven days previously."   " When he sprung from the train, he did not think the rails were so far north," he states in his evidence. But, whether he recollected their existence or not, he was conscious of the risk he ran from these or similar deposits at the time he acted.

The case upon this point is distinguishable from *Babcock* v. *Old Colony Railroad*, 150 Mass. 467, where the plaintiff was injured by some sleepers piled near the place where he was entering or had entered upon a train, but where it did not appear that he had in any way neglected to look beforehand at what he was doing.

As we are of opinion that, tested by common experience, the

plaintiff did not use the caution which persons of ordinary prudence and vigilance would exercise, and that no proper excuse for this appears, it is unnecessary to consider the other questions in the case, unless it appears that some evidence offered by the plaintiff was erroneously excluded.

The plaintiff offered to prove that, in jumping on and off the train at the time of the injury, he was doing only what was ordinarily done by the employees engaged in like employment and under similar circumstances, with the knowledge and approval of the defendant's superintendent. We do not understand by this that the plaintiff offered merely to show that the brakemen of a train jumped on and off when the train was moving at "only a fast walk," which was the testimony as to the train in question. But we understand that the offer was to show that they did so without looking, or being able to look, to see where they would alight, or what obstructions they would meet. If they thus acted, it would only certainly prove that they were habitually reckless and careless. They could not by such conduct make the railroad responsible for the injury occasioned to them thereby, even if it met the approval of the superintendent.

*Judgment on the verdict.*