# Burgin *v.* Louisville & Nashville Railroad Co.

### *Action by Employe to Recover for Personal Injuries.*

1. *Contributory negligence in stepping off engine in the dark.*—When a brakeman on the pilot of an engine moving backwards and drawing cars, without any real necessity therefor, steps off in the dark at a place with which he is unacquainted, without using his lantern by the aid of which he might have seen a low embankment which endangered such a step, he is guilty of such contributory negligence as will bar a recovery for injuries thereby sustained.

APPEAL from the City Court of Birmingham.

Tried before Hon. W. W. WILKERSON.

James Burgin brought this action against the Louisville & Nashville Railroad Co. to recover damages for personal injuries. The court gave the general affirmative charge in favor of the defendant.

JAMES WEATHERLY, for appellant.

HEWITT, WALKER & PORTER, for appellee.

McCLELLAN, J.—We incline to the opinion that the evidence fails to show any defect in the roadway of the defendant company at the point of the accident to plaintiff; but as it seems perfectly clear on the facts that whether there was a defect therein or not the plaintiff would not have

[Helton v. Alabama Midland R. R. Co.]

been injured but for his own want of ordinary care and diligence, we prefer to rest our approval of the court's action, in giving the affirmative charge, hypothesized on the jury's belief of the evidence, for the defendant, on the latter consideration.

The evidence without conflict showed that plaintiff stepped off the pilot of a moving engine at an unusual place for employees to alight, a place too with which he was unacquainted, and at which he was under no real necessity to alight while the engine was moving, in the dark without using his lantern, which he might have done by changing it from his left arm by means of which he was holding on to the the cross-beam of the pilot to his right hand which was disengaged, to acquaint himself with the situation; that had he so used his lantern he would have discovered a low embankment so close to the track as to render an attempt to alight from the pilot of an engine moving backwards and drawing freight cars after it obviously dangerous and that he was injured in consequence of stepping off a moving train without necessity in the dark at a dangerous place being unacquainted with the place but having the means readily at hand to advise himself of the danger and negligently failing to resort to them. It is clear that no ordinarily prudent man would have done this thing under the circumstances as the plaintiff did it, and that his doing it contributed proximately to the injuries of which he now complaints.—*Thompson v. Boston & Maine R. R. Co.*, 153 Mass. 391, s. c. 26 N. E. Rep. 1070.

Affirmed.