LIZZIE BREIL, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

In an action to recover damages for injuries alleged to have resulted from defendant's negligence in permitting a pile of dirt to remain in one of its streets, in the night time, without a light or other danger signal, these facts appeared :. F., who owned a lot fronting on said street, had been engaged for three or four days previous to the accident in filling up the same. Earth for that purpose was unloaded in the street and taken thence in wheelbarrows to the lot; three men were continually engaged in so removing it. While at times dirt was drawn to the street faster than it was wheeled away, there was no substantial proof that the dirt drawn on any one day to the street was not removed on the same day, with the exception of the one preceding the night of the accident. There was no evidence that defendant had any actual notice of the pile of dirt. *Held*, that there was nothing in the evidence to charge defendant with constructive notice; that the evidence failed to make out a cause of action; and so, that a refusal to non-suit was error.

*Breil* v. *City of Buffalo* (68 Hun, 219), reversed.

(Argued December 3, 1894; decided December 11, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order

made at the January term, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries received by plaintiff through the overturning of a carriage in which she was riding in the night time by colliding with a pile of dirt, which plaintiff alleged defendant negligently allowed to remain on one of its streets for a considerable time, without light or other danger signal.

The facts, so far as material, are stated in the opinion.

*Frank C. Laughlin* for appellant. The motion for the non-suit should have been granted and the exception to the court's refusal so to do was well taken. (*Miller* v. *Newburg,* 32 Hun, 24; *Taylor* v. *City of Yonkers,* 105 N. Y. 202; *Peach* v. *City of Utica,* 10 Hun, 477; *McDermott* v. *City of Kingston,* 19 id. 138; *Butler* v. *Town of Oxford,* 69 Miss. 618; *Hume* v. *Mayor, etc.,* 47 N. Y. 646; *Turner* v. *City of Newburg,* 109 id. 305; *Todd* v. *City of Troy,* 61 id. 507; Tiedeman on Mun. Corp. § 350; *Kunz* v. *City of Troy,* 1 N. Y. Supp. 596; *Parker* v. *City of Cohoes,* 10 Hun, 534; 77 Y. 610; *Lohe* v. *City of Philipsburg,* 156 Penn. St. 246; *Requa* v. *City of Rochester,* 45 N. Y. 135.) The interests of justice require that the court should reverse the judgment appealed from and grant a new trial, or, in any event, modify the judgment by reducing it to a few hundred dollars. (Laws of 1894, chap. 686; Code Civ. Pro. § 1337.)

*Wallace Thayer* for respondent. The sole points made by the appellant at the General Term were that the verdict was excessive and that a new trial should have been granted on account of newly-discovered evidence. The rule seems to be established that the Court of Appeals will never consider either of these questions. (*Peck* v. *N. Y. C. R. R. Co.,* 70 N. Y. 587–592; *Scoville* v. *Landon,* 50 id. 686; *Meltzer* v. *Doll,* 91 id. 365–373.) The existence of the obstruction for so long a time and the failure of defendant to protect or warn

persons driving on said street from the danger, made defendant liable for plaintiff's injuries. (*Keane* v. *Village of Waterford*, 130 N. Y. 188; *Weed* v. *Village of Ballston Spa*, 76 id. 329; *Requa* v. *City of Rochester*, 45 id. 129.)

PECKHAM, J. A careful perusal of all the evidence in this case leads us to the conclusion that the plaintiff failed to make out a cause of action against the defendant, and that the defendant's motion for a non-suit should, therefore, have been granted.

The evidence, in substance, is that the dirt was brought to the street opposite the house of Mr. Franklin and was there unloaded and was then drawn in wheelbarrows into the yard belonging to him. There were three men engaged in wheeling it away most of the time. The dirt that was drawn to the street was thus being continually drawn away for the purpose of filling in the lot. At times it would seem that the dirt was drawn to the street faster than it was wheeled away, and in that manner it accumulated in size during the day. There was, however, no substantial proof that out of the three or four days upon which the drawing was done the dirt drawn on any one day to the street was not removed on that same day with the exception of the day preceding the night of the accident. There was no evidence that the defendant had any actual notice of the pile of dirt, and we are of opinion there is nothing in the evidence upon which to charge the city with constructive notice of the existence of an obstruction in the street at night. So far as hauling the dirt in the daytime to the street opposite Franklin's lot is concerned, there was nothing illegal or improper in that act. Franklin desired to fill in his lot, and to that end he wanted this dirt. It was unloaded at the spot most convenient for that purpose, and men were at once employed to wheel it to the lot, and so constructive notice to the city would be nothing more than notice that dirt was being drawn to a spot in a public street opposite the lot of an owner, and that such dirt was being drawn away by the lot owner and spread upon his lot. The act of Franklin in

permitting the dirt to remain in the street on the night of the accident was not sufficient to charge the city with any negligence whatever. Under the circumstances there could have been no presumption that the dirt would be permitted to remain over night even if the city officers had seen it there during the day.

We think the plaintiff failed to prove the defendant guilty of any negligence, and the judgment against it must, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.