LIZZIE BRIEL, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

*Municipal corporation — obstruction in a city street — when the city is chargeable*
*with notice thereof.*

Where a pile of earth remains in a traveled street of a city for three or four
nights continuously, the jury may, upon the trial of an action brought against
the city by a person whose carriage has been overturned thereby, find that the
city was chargeable with notice of the obstruction in the street, and was negli-
gent in permitting it to remain there until the time of the accident.

APPEAL by the defendant, The City of Buffalo, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of Erie on the 3d day of May, 1895, upon
the verdict of a jury rendered after a trial at the Erie Circuit, and
also from an order entered in said clerk's office on the 3d day of
May, 1895, denying the defendant's motion for a new trial made
upon the minutes.

*Frank C. Laughlin,* for the appellant.

*Marcy & Jackson* and *Wallace Thayer,* for the respondent.

BRADLEY, J.:

After daylight had disappeared on the evening of June 16, 1890,
the carriage in which the plaintiff was riding southerly on Niagara
street, in the city of Buffalo, was overturned and she was injured.
The accident was caused by a pile of earth which had been depos-
ited in the street by the procurement of the owner of the adjacent
premises for the purpose of having it taken on to his lot, upon which
some of the earth drawn there had been conveyed by wheelbarrows.

The recovery on the former trial was not supported because it did
not then appear that the earth drawn and deposited at that place in
the street, on any day prior to the evening of the injury, remained
in the street any night before that in question, and, therefore, no
negligence was imputable to the defendant upon the evidence.
(*Breil* v. *City of Buffalo,* 144 N. Y. 163.)

Upon the trial now the subject of review, further evidence was
given tending to prove that the pile of earth had remained there in
the street three or four days and nights continuously up to the time

of the accident. The place in question is in a populous portion of the city, and Niagara street, on either side of the street railway tracks, is much used for vehicles. And the length of time which the jury were by the evidence permitted to find this pile of earth had remained there was such as to enable them also to find that the defendant was chargeable with notice of the obstruction in the street, and, therefore, with negligence in permitting it to so remain there up to the time of the occurrence in question. (*Kunz* v. *City of Troy*, 104 N. Y. 344.)

The conclusion was also warranted by the evidence that the plaintiff was free from the imputation of contributory negligence.

The questions arising upon the conflict in the evidence and all other questions of fact were fairly submitted to the jury, and their verdict is supported by the evidence.

There was no error in the rulings at the trial to the prejudice of the defendant.

The judgment and order should be affirmed.

LEWIS, J., concurred; WARD, J., not sitting.

Judgment and order affirmed.