WILLIAM CONNORS, Appellant, v. THE ELMIRA, CORTLAND AND NORTHERN RAILROAD COMPANY, Respondent.

*Negligence — a railroad not chargeable because a third person leaves a wagon near a coal car — contributory negligence — an insufficient number of brakemen, when not a proximate cause.*

In an action brought to recover damages resulting from the alleged negligence of the defendant, it appeared that the plaintiff was a brakeman; that he was injured in attempting to couple a car upon a siding; that the injuries resulted from the presence of a wagon which had been used to unload coal from a car and had been left there by the driver, who had unhitched his team and gone to dinner; that the plaintiff was entirely familiar with the *locus in quo ;* that he was in a position where he could easily see the fireman on the engine and where he could be seen by the fireman, and that the cause of the accident was simply the fact that after he had finished coupling two cars and was stepping out from between them he was caught, when the train moved, between the corner of one of such cars and the front wheel of the wagon.

*Held,* that the defendant could not be charged with negligence because a third person had left his wagon near one of its coal cars;

That under all the circumstances, including the fact that the plaintiff must have seen the wagon when he passed by it at noon of the same day while his train was on the main track, it was not clear that the plaintiff had shown himself to be free from negligence;

That in view of the fact that the lack of additional brakemen was clearly not the proximate cause of the accident, it did not constitute negligence upon the part of the defendant that there were only two brakemen upon the train on the day in question, although the train usually had three brakemen.

APPEAL by the plaintiff, William Connors, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Cortland on the 31st day of January, 1895, upon a nonsuit granted by the court after a trial at the Cortland Circuit before the court and a jury, and also from an order entered in said clerk's office on the 8th day of January, 1895, denying the plaintiff's motion for a new trial made upon the minutes.

*T. E. Courtney,* for the appellant.

*Kellogg & Van Hoesen,* for the respondent.

MERWIN, J. :

On the 26th of April, 1892, the plaintiff was the head brakeman on a local freight train of the defendant running from Cortland to Canastota. He had been in the employ of the defendant for several years as brakeman or extra conductor on this train. The train, consisting of eighteen or twenty cars, arrived at Perryville about noon. About a mile northerly of Perryville there was a side track on the easterly side of the main track, about 500 feet long, called Britt's Siding, made for the accommodation of a lime kiln and stone quarry at that place. As the train left Perryville it was cut in two, and the plaintiff, with two or three cars and the engine, having on it the engineer and fireman, went ahead for the purpose of leaving a car at the siding. The balance of the train came on behind, it being down grade, and stopped before reaching the side track. The plaintiff, as he passed along, left one of his cars on the main track, and then proceeded to the northerly end of the side track and backed on to it for the purpose of coupling on to and taking out two cars that were on the side track. He made the coupling to one, and then he walked along its side, between it and the main track to the end of the car, and then walked on the side track about twenty-five feet to the second car, then signaled the engineer or fireman to back up, which was done, and the plaintiff made the coupling. As he stepped out from between the cars he was caught between the corner of one of the cars and the front wheel of a wagon that stood beside the car last coupled, and received an injury which is the subject of this action. The car last coupled was a gondola coal car. During the forenoon of the day in question Mr. Raymond, an

employee of Mr. Worlock, one of the operators of the lime kiln, had been engaged with a team and wagon in unloading in the usual way the coal from the car and drawing it to the lime kiln. At noon, and about half an hour before the accident, Raymond unhitched the team and left the wagon by the side of the car between the side track and the main track, and went to dinner, intending to come back after dinner and go on with the work.

According to the testimony of the plaintiff, the wagon was so near the car that there was not enough room for him to stand between it and the car as he stepped out after making the coupling. He claims that the defendant is chargeable with negligence in allowing the wagon to be left so near. The team or wagon did not belong to the defendant and was not used by it. There is no evidence that the wagon had ever been left so near before except on one occasion, about two weeks before, when it was left substantially in the same situation for a period of about two hours, and no actual notice of this to the defendant is claimed. The wagon and team had been used about there before in the process of unloading cars, but in no way dangerous to the defendant's employees. It is difficult to see how the defendant can be charged with negligence in reference to the wagon. (*Breil* v. *City of Buffalo*, 144 N. Y. 163.)

The plaintiff had, for several years, passed over this road twice daily except on Sundays. He testifies: "I had worked upon this switch before; I had placed cars in there and I had taken cars out of there, so that I knew the situation and the locality and the condition that it was in except the wagon. I knew as to what there was on the west side of the switch, on the east side of the switch." As he came along that noon and passed on the main track to the north end of the side track he was on top of the cars and passed by the coal car and by the wagon. They were about thirty feet distant and in plain sight. The plaintiff as, after coupling the first car, he passed along its side and along the side track to the second car, could have seen the wagon had he looked, and so he could as he stepped out from between the two cars after he made the coupling. It is not clear that the plaintiff was himself free from negligence. (See *Thompson* v. *Boston & Maine Railroad*, 153 Mass. 391.)

The plaintiff claims that the defendant was also negligent in that upon the train that forenoon there were only two brakemen, whereas

usually there were three, and that if there had been three he might have been warned of the wagon. The plaintiff testifies : " Left one, car on the main track, so that we had one car and the engine when we went on to the switch." He could signal readily to the fireman, who was about sixty feet off when the last coupling was made. The side track was on a curve and the fireman's side of the engine was on the inside of the curve, as was also the wagon. If the plaintiff's signals were readily seen by the fireman the wagon could also have been readily seen, as it was in the direct line of vision, and the fireman could have warned the plaintiff if he so chose. Very clearly the lack of help was not the proximate cause of the collision. ( *Williams* v. *Del., L. & W. R. R. Co.,* 39 Hun, 434.)

We are of the opinion that the court did not err in holding that the evidence was not sufficient to show that the plaintiff had been injured by reason of any negligence of the defendant without any negligence on his part that contributed to the injury.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.