W. SCOTT JOHNSON, Appellant, *v.* THE CITY OF POUGHKEEPSIE, Respondent.

*Negligence of a municipality — damages resulting from being thrown from a bicycle by a collision with a pile of mortar in a street — proof of notice to a city officer.*

In an action brought against a city to recover damages for injuries sustained by the plaintiff in being thrown from a bicycle while riding at night upon a city street, by reason of an obstruction thereon, consisting of a pile of mortar, which had been upon the street for some weeks, the trial court held that "there was no actual notice to the board of works at any time. The heap of mortar over which the plaintiff fell was no larger, and possibly no smaller than the same was usually kept. It was not a large heap, being about two feet in height and about three feet at its base. Therefore, it does not show negligence upon the part of the city. There was nothing illegal or improper upon the part of the mason in putting the material upon the street in moderate quantities for completing the work and for removal of old material. This was done not so fast but that at times there was a pile on the street awaiting to be taken away. This ought to have been guarded by a light, but the act of the mason in leaving this heap unguarded on the night in question was not sufficient to charge the city with any act of negligence whatever."

On the trial the plaintiff offered to show that notice that this pile of mortar had been on the street for a period of from four to six weeks had been given to an officer of the city, but such evidence was excluded by the court.

*Held*, that such exclusion was error;.

That the plaintiff had a right to show that the city, through any of its officers charged with police powers or the superintendence of the street, had notice of the condition of the street.

APPEAL by the plaintiff, W. Scott Johnson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Dutchess on the 31st day of January, 1898, upon the decision of the court rendered after a trial at the Dutchess County Special Term dismissing the complaint, with costs, and granting the defendant an additional allowance of five per cent, and also from an order entered in said clerk's office on the 31st day of January, 1898, denying the plaintiff's motion for a new trial made upon the minutes.

*J. Morschauser* [ *Wm. H. Wood* with him on the brief], for the appellant.

*J. L. Williams*, for the respondent.

WOODWARD, J. :

The plaintiff in this action was thrown from a bicycle and injured while riding along Catherine street in the city of Poughkeepsie, on the night of the 30th of August, 1897, the accident being caused, it is alleged, by an obstruction consisting of a pile of mortar which had been in the street for some weeks. The trial court finds all of the facts necessary to constitute a cause of action, except that it holds that " there was no actual notice to the board of works at any time. The heap of mortar over which the plaintiff fell was no larger, and possibly no smaller than the same was usually kept. It was not a large heap, being about two feet in height and about three feet at its base. Therefore, it does not show negligence upon the part of the city. There was nothing illegal or improper upon the part of the mason in putting the material upon the street in moderate quantities for completing the work and for removal of old material. This was done not so fast but that at times there was a pile on the street awaiting to be taken away. This ought to have been guarded by a light, but the act of the mason in leaving this heap unguarded on the night in question was not sufficient to charge the city with any act of negligence whatever." (Citing *Breil* v. *City of Buffalo*, 144 N. Y. 163.)

As was said by ANDREWS, Ch. J., in the case of *Farley* v. *The Mayor, etc.* (152 N. Y. 222): " This is not like the case of *Breil* v.

*City of Buffalo* (144 N. Y. 165) where the only possible fault charged against the city was that it failed to remove or guard a pile of earth *left in the street on a single night* by the owner of adjacent property engaged in filling in his lot, of which the city had no actual notice, and no constructive notice, unless the fact that the lot owner was engaged in filling in his lot with earth deposited in the street in the daytime, and which on each day, except in the one instance, was removed during the daytime, made the city liable for an injury caused by the obstruction. *If the pile of earth had been suffered to remain in the street for weeks, and the city had remained inactive, a different question would have been presented."* The evidence is overwhelming, and indeed is not contradicted, that this pile of mortar (and it was on the pile of mortar, and not on the debris from the house where the accident occurred) had been in the street for a period of from four to six weeks, and there was an effort on the part of the plaintiff to show that notice of this fact had been given to an officer of the city, but the trial court rigidly excluded all evidence tending to show the fact of such notice and did not allow the witness to tell the relation to the city of an individual whose name was mentioned in the testimony. This was, in our opinion, error. The plaintiff had a right to show that the city, through any of its officers charged with police powers or the superintendence of the streets, had notice of the condition of the street. "It was not the case of an isolated trespass," to use again the language of the court in the case of *Farley* v. *The Mayor, etc.* (*supra*), "which a public officer might reasonably · suppose would not be repeated, but a continuous invasion of the public right, habitually indulged in and known to the public officials. They had just reason to believe that the practice would be continued unless the city authorities interfered to stop it, and what the policemen knew the city is chargeable with knowing after the lapse of a reasonable time to enable information to be communicated by them to their superiors." Under this rule it was clearly competent for the plaintiff to show that the attention of a police officer had been called to the condition of the street.

"A person using a public street," says BROWN, J., delivering the opinion of the court in the case of *Pettengill* v. *City of Yonkers* (116 N. Y. 558), "has no reason to apprehend danger, and is not

required to be vigilant to discover dangerous obstructions, but he may walk or drive in the daytime or night time, relying upon the assumption that the corporation, whose duty it is to keep the streets in a safe condition for travel, have performed that duty, and that he is exposed to no danger from its neglect.

" Although the street where this accident happened had been in a dangerous condition for weeks, the proof does not show the slightest effort on the part of the city to warn travelers of its condition. It appeared to have relied upon the contractor to maintain the warning lights at the excavation, which, under his contract, he was bound to do. But the city was not absolved from its liability by this provision of the contract."

To the same effect is the opinion of the court in the case of *Nelson* v. *Village of Canisteo* (100 N. Y. 89), where DANFORTH, J., says : " Indeed it has been so uniformly and frequently held by the courts of this State that a municipal corporation having power to maintain and control streets is bound to exercise ordinary and reasonable care and diligence to see that they are kept in a reasonably safe condition for public travel, that a general rule to that effect may now be considered as established and to be applicable whether the act or omission complained of and causing the injury was that of the municipal authorities or some third party. (*Conrad* v. *Ithaca*, 16 N. Y. 158 ; *Weet* v. *Brockport*, Id. 161 ; *Saulsbury* v. *Ithaca*, 94 id. 27.) "

We think the judgment and the order denying the motion for a new trial should be reversed and that a new trial should be granted, costs to abide the result of the trial.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.