SUSAN BELSHE et vir., Respondents, v. F. B. BAT-
DORF, Appellant.

Kansas City Court of Appeals, April 6, 1903.

1. **Landlord and Tenant: RENT: NOTICE OF LIEN: EVIDENCE.** In an action against the purchaser of a crop the evidence is held sufficient to send to the jury the question of his notice of the landlord's lien.

2. ——: ——: **PURCHASER'S LIABILITY: DEFENSE.** The fact that a landlord may have recovered judgment against a tenant in an action for his rent and also against the garnishee, is not a bar to an action against a purchaser of a part of the crop with notice of the landlord's lien.

3. ——: ——: **CONVERSION DURING TIME OF LIEN: ACTION.** A purchaser who with notice buys a part of the crop during the existence of the landlord's lien may be sued any time before the statute of limitations runs against the account, though after the expiration of the lien.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,*
Judge.

Affirmed.

*H. A. Kerr* for appellant.

(1) The landlord's lien is given by section 4115, Revised Statutes 1899, on crops grown within the year and continues for eight months after the rent becomes due and payable and no longer. "And such lien may be enforced by attachment in the manner hereinafter provided." The manner provided for enforcing the lien is given in section 4123. These sections, 4115 and 4123 are to be construed together. 22 Mo. App. 416. Section 4123 gives the manner of enforcing the lien (69 Mo. App. 327), and provides two processes, either of which may be followed, to-wit: direct suit and garnishment. The adoption of one remedy waives the other. Hill v. Chowning, 67 S. W. 750. (2) The law abhors a multiplicity of actions and does not allow the splitting of one action into two or more. Robbins v. Conley, 47 Mo. App. 502; Funk v. Funk, 35 Mo. App. 246; Lane v. Francis, 15 Mo. App. 107. (3) The crop sold must endanger the collection of the rent. 87 Mo. 413; 135 Mo. 188. (4) The landlord's claim for rent must be enforced as against purchasers of the crop during the existence of the lien. 18 Mo. 243; 57 Mo. App. 235.

*Harber & Knight* for respondent.

(1) Appellant contends, notwithstanding, every element necessary to a recovery by respondents against appellant, under the above statutes, have been found by the jury, and actually exist, yet by reason of respondents not having instituted their suit during the continuation of the lien given by section 4115, supra, this action is, in some way or manner, barred. We are not referred to any statute, or given any good reason supporting such contention; it would have been quite easy for the Legislature, had it intended to have limited the landlord's right of action against the person purchasing such crop to the time of said lien, to have so

said, but it has not. Zapp v. Johnson, 30 S. W. 861, and cases cited.

BROADDUS, J.—This is a suit which originated in a justice's court, wherein plaintiffs seek to recover of the defendant as a purchaser with notice of the lien thereon of certain corn grown upon demised premises.

The evidence disclosed that one Charles Lamp leased from plaintiff certain premises for the year 1899 for which he was to pay $200 rent, due and payable on the 1st day of January, 1900. Some time in the month of November, 1899, one of the plaintiffs learned that the lessee was selling and delivering a part of the corn crop raised on said premises to the defendant, whereupon he called to defendant over the telephone and asked him if he was buying corn of said tenant, and at the same time informed him that the tenant had not paid plaintiffs their rent and telling defendant not to pay said tenant until he (plaintiff) had seen him. Defendant answered, "certainly," or words to that effect, and further, that he had a medical bill against said Lamp. Proof was made of the number of bushels defendant bought and received of the tenant, and its value.

When defendant was testifying he was asked if he did not know that the corn he got from Lamp had been grown upon plaintiff's premises, to which inquiry he answered: "I did not see him gather it. I just knew I was getting corn from Lamp. I did not know where he gathered it." On cross-examination he was asked as follows: "And you do know that the corn was grown on that place?" To which he answered: "I did not see him gather it."

The record shows that the plaintiffs instituted proceedings before a justice of the peace against the tenant, Lamp, in which one S. P. Batdorf was summoned as garnishee, wherein, upon final hearing, plaintiffs recovered judgment against such garnishee in the sum of two hundred dollars and their costs. The evidence dis-

closes that the plaintiffs realized from said judgment sufficient only to reduce their claim to the sum of $172.78, the constable returning the execution unsatisfied, finding no goods and chattels of the defendant to satisfy the same. Afterwards, on the 11th day of April, plaintiffs commenced this suit. The defendant moved to dismiss the case on the ground that plaintiffs had already obtained judgment against Lamp and S. P. Batdorf for the full amount of the claim for rent. The court overruled his motion, the cause was tried, and finding and judgment were for the plaintiffs, from which defendant appealed.

The defendant contends that the court was in error in overruling his said motion to dismiss the cause and in giving and refusing instructions. And further, that under the evidence the plaintiff was not entitled to recover, and that the evidence does not support the verdict in this, that it was not shown that defendant purchased the corn with knowledge of the fact that it had been grown on plaintiffs' demised premises. The defendant according to his own evidence knew that Lamp was the tenant of the plaintiffs' premises. And when asked, as we have seen, if he knew where the tenant got the corn, he answered that he did not see him gather it. This evidence shows that he tried to evade answering the question, but his answer, such as it was, with the admitted knowledge that Lamp was the tenant of plaintiffs, was sufficient to submit that question to the jury.

We do not think the defendant's contention that this suit should have been dismissed upon his motion upon the showing made by him that plaintiff had previously obtained judgment for the same demand against S. P. Batdorf in said garnishee proceeding should have been sustained. The authority cited in Hill v. Chowning, 67 S. W. 750, has no application. It was there held that the plaintiff having obtained a judgment enforcing his mechanic's lien could not afterwards maintain another suit against the same defendant who was a party

to the former suit upon the same demand. Here, however, the parties are not the same. The landlord might well have a cause of action for his rent against more persons than one. If different individuals had obtained different parts of the crops' grown on plaintiffs' premises on which they had a lien it would be a harsh as well as unjust rule that would not permit them to sue and recover from as many of the same as would be necessary to satisfy the claim for rent. In other words, the landlord in such cases would have a distinct cause of action against the different individuals. This view of the case requires no argument to sustain its correctness.

The defendant's refused instructions were asked upon the theory that if plaintiffs' lien had expired at the institution of the suit they were not entitled to recover, notwithstanding at the time defendant purchased from the tenant, plaintiffs' lien was in force. In section 4123, Revised Statutes 1889, amongst other matters it is provided, "if any person shall buy a crop grown on the demised premises upon which any rent is unpaid, and such purchaser has knowledge of the fact that such crop was grown on demised premises, he shall be liable in an action for the value thereof to any party entitled thereto, or he may be subject to garnishment at law in any suit against the tenant for the recovery of the rent." Our attention has not been called to any authority in this State on the question raised by said refused instructions. The landlord's lien against the crop grown exists for a period of eight months after the rent becomes due and payable, and no longer; but it does not necessarily follow that he must, in order to render a purchaser of the crop with knowledge of such lien liable, commence his action against such purchaser within the time in which the lien exists. In order to enforce his lien against the crop itself, he must proceed to enforce it during the life of the lien. The statute was enacted for the purpose of giving landlords a reasonable time in which to secure their rents and the limitation as to time

in which the lien should exist was to prevent unnecessary restraint of trade. But no good reason can be assigned why a purchaser during the life of the lien, with knowledge that the crop purchased was grown upon the premises of the landlord, should not be liable to the landlord at any time after such purchase and before the statute of limitation would bar his right of action. In such cases the landlord's cause of action would accrue during the life of the lien, and there is no statute requiring him to bring suit within any specified time, save the statute of limitation.

For the reasons given the cause is affirmed. All concur.