## City of Harrodsburg v. Sallee.

(Decided March 18, 1911.)

### Appeal from Mercer Circuit Court.

1. Municipalities—Liability for Obstruction on Sidewalk.—In order to hold a city liable for an injury to a pedestrian caused by his falling over an obstruction on a sidewalk, it must be shown that by exercising ordinary care the city, its officers or agents, could have known of the existence of the obstruction and removed the danger.

2. Notice—When to be Imputed to the City—Notice of an obstruction upon a sidewalk will not be imputed to the city where the obstruction is of recent origin, or is in anywise concealed.

3. Notice—When Question of Law.—Whilst generally the jury should determine, as a question of fact, whether a city had such notice, yet, where the facts are undisputed, and but one reasonable inference can be drawn from them, it becomes a question for the court to decide.

4. Peremptory Instruction.—Where the obstruction had remained upon the sidewalk for thirty hours, the trial court properly overruled defendant's motion for a peremptory instruction.

C. E. RANKIN for appellant.

ROBERT HARDING and B. F. ROACH for appellee.

Opinion of the Court by Judge Miller—Affirming.

College street is one of the principal highways of Harrodsburg. On the east side of that street and in front of the Vanarsdall property there is a brick pavement, five feet and nine inches wide, running northwardly and southwardly and next to the property line. Between the brick pavement and the curbing of the street there was a grass plot six and one-half feet wide.

In October, 1909, Mr. Vanarsdall laid a line of pipe from his house across his lot and into College street, where it was connected with the sewer in the street. In doing this work he tore up the sidewalk in front of his property, put down the pipe, and refilled the excavation. This work was done for Vanarsdall by Adams, a plumber. The superintendent of the water works caused a hole between two and three feet deep to be dug in the grass plot for the purpose of taking up an old water plug which was to be replaced with a new one. This hole was very near the excavation which Vanarsdall had made through the sidewalk. The dirt from the hole was thrown into a pile on the side next to the sidewalk, and the pile was of sufficient size to cause the dirt to roll some six or eight inches on to the sidewalk. While the appellee, Rebecca, a colored woman forty-eight years old, was walking along this sidewalk on the night of Thursday, October 7, 1909, in company with her twelve-year-old daughter, she stumbled against the pile of dirt and fell over it into the hole. Her hand was cut, her back hurt, and her kidneys injured by the accident. Appellee incurred the expense of a doctor's bill; sustained the injuries above set forth; was unable to do any substantial work for about three months, and had not fully recovered at the time of the trial in the following May. She sued the city for negligently permitting this obstruction to remain upon the sidewalk for an unreasonable time, and recovered a verdict for $300.00 damages. From a judgment upon that verdict the city appeals.

The answer presents a traverse and an affirmative plea of contributory negligence on the part of the appellee.

The appellant assigns as its first and principal ground for reversal the failure of the circuit judge to sustain its motion for a peremptory instruction.

The rule of law governing cases of this character is announced in Hazelrigg v. Board of Councilmen of Frankfort, 29 Ky. Law Rep., 208, as follows:

"In order to render the city liable it must be shown that it, by exercising ordinary care, could have known of the existence of the obstruction in the street and removed the danger. We can not say that it is actionable neglect for the city to fail to discover in three hours an obstruction in one of its streets caused by a lot of rock screenings being dumped there. There is no evidence that the city knew of the obstruction, and the bare fact that it had been there for three hours is not sufficient to charge it with liability. (Canfield v. Newport, 73 S. W. 888; Bell v. Henderson, 74 S. W. 206; Briel v. Buffalo, 144 N. Y. 163; Reed v. Detroit, 99 Mich. 204; Davis v. Omaha, 47 Neb. 836; Warsaw v. Dunlap, 112 Ind. 576.)"

City of Midway v. Lloyd, 24 Ky. Law Rep., 2448, is to the same effect. And, as to when a peremptory instruction should be given for a defendant, the following rule was laid down in Bell v. City of Henderson, 24 Ky. Law Rep., 2435:

"A municipality is not an insurer against accidents to persons using its thoroughfares. It is not liable for injuries caused by defective streets in the absence of actual notice of such defect or unless they have existed so long that notice or knowledge thereof should be imputed to them. And notice should not be imputed where the defects are of recent origin, and particularly where they are concealed in anywise. Whilst generally the jury should determine as a question of fact whether a city has such notice, yet where the facts are undisputed, and but one reasonable inference can be drawn from them, it becomes a question for the court to decide. (Smith's Modern Law of Municipal Corporations, sections 1545-1546; Elliot on Roads and Streets, sections 626-627; City of Covington v. Assman, 24 Ky. Law Rep. 415; Canfield v. City of Newport, 24 Ky. Law Rep. 2213.)"

In the Bell case the injury was caused by a hole in a platform extending from the curbing of the pavement across the gutter to the street. The platform had been there for some time, but the hole, caused by a broken board, had existed only from Friday evening to Saturday night, and its existence was not known to the city. Under those conditions this court held that a peremptory instruction to the jury to find for defendant was properly given, saying:

"In the absence of actual notice of the defect in the platform which occasioned the injury, and the obscure

nature of this defect, and the short time which it had been in existence, we are of the opinion that the city authorities can not be charged with lack of diligence in failing to discover it in time to have prevented the accident complained of, and that the trial court properly instructed the jury to find for the defendant.".

It is insisted that the rules of law above stated are applicable to this case, and that the peremptory instruction for appellant should have been given; and in support of that contention, counsel for appellant, with some zeal, insists that the obstruction, consisting of the dirt pile, had remained on the street from Thursday afternoon until Thursday night—only about four hours—and that this was not a sufficient time to enable the city either to obtain notice of the obstruction, or to have it removed. Counsel for appellant, however, is clearly in error in this assumption of fact, since the evidence clearly shows that the hole was dug on Wednesday afternoon—the day before the accident, instead of on Thursday afternoon. The obstruction, therefore, had been upon the sidewalk for about thirty hours previous to the accident to the appellee. Moreover, there was evidence strongly tending to show that the hole was dug and the dirt piled upon the sidewalk under the direction of Farney, the city's superintendent of its water works. Under this state of fact, we are clearly of the opinion that the circuit court properly overruled appellant's motion for a peremptory instruction, and submitted to the jury the question of negligence and notice on the part of the city in permitting the obstruction to remain upon the sidewalk an unreasonable length of time.

In the second place appellant complains that the circuit judge erred in instructing the jury; and, as these instructions are short, we will copy them in full. They read as follows:

"1. If you believe from the evidence that the obstruction described by the witnesses was of a form or character ordinarily calculated to cause persons walking and who were exercising reasonable watchfulness for their own safety, to stumble and fall; that it had been at that place an unreasonable length of time before the evening of the 7th of October, and that any of these officers of the city government, to-wit, the mayor, a member of the council, the chief of police, the superintendent of city

water works, knew this latter fact, or by the exercise of reasonable diligence might have known it, and if you further believe from the evidence that the plaintiff, while walking on the street at that place, was reasonably watchful for her own safety, under the conditions then existing, and that she stumbled and fell over that obstruction and was thus injured, then you will find for the plaintiff in damages. Unless you so believe you will find for the defendant.

"2. If your verdict be for the plaintiff, it shall be for such sum as will fairly compensate the plaintiff for any physical pain and suffering, caused by her injury, for any loss of time as a laboring woman, and for any permanent impairment of her power to labor caused by an injury to her kidneys resulting from the accident, all of which must be shown by the evidence, your verdict should not exceed $1,500.00, the amount claimed in the petition."

It is claimed that the first instruction failed to present to the jury the appellant's theory of contributory negligence upon the part of the appellee. We do not think this is a fair criticism of that instruction, since it expressly required the exercise of reasonable diligence and watchfulness upon the part of the appellee, with a direction to find for the appellant in case appellee had failed to exercise reasonable diligence.

The judgment of the circuit court is affirmed with damages.