## DeHaven v. Danville Gas Light Company.

(Decided October 29, 1912.)

### Appeal from Boyle Circuit Court.

1. Negligence—Leaving Open Cellar Door in Pavement.—It is negligence per se to leave open cellar doors in a much frequented pavement, no precautions being taken to protect the hole, though a lantern was being filled to be lighted and put over the hole which had been open only a few minutes.

2. Negligence—Contributory Negligence Question For Jury.—The question of contributory negligence is for the jury where the plaintiff could have seen the hole if she had looked, but was looking up at a show window.

3. Negligence—Witnesses—What Witness May Testify in Action Against Gas Company For Injury From Falling Into Hole—Expert

Testimony:—A witness may testify that there was light enough for the hole to be seen, or as to what light there was. This is not expert testimony.

4. Evidence—Evidence For Oneself Inadmissible.—The acts and statements of plaintiff to the physicians examining her, under an order of court cannot be proved by her, as this would allow her to make testimony for herself.

ROBERT HARDING, EMMETT V. PUYEAR for appellant.

R. T. QUISENBERRY, JNO. W. RAWLINGS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Mrs. Etta B. DeHaven brought this suit against the Danville Gas Light Company to recover for injuries which she received by falling through an opening in the pavement in front of a store in Danville, Kentucky. The facts of the case are, in brief, these:

There was an opening in the pavement covered by two iron doors leading to a cellar. A gas leak had appeared in the cellar. The servants of the gas company opened the grating on the pavement and went down in the cellar to stop the leak. They were at work there during the day and while they had the grating open they laid two planks across the hole which was forty inches long, twenty-two inches wide and four feet deep. But, a box had been set at the bottom and the hole down to the top of the box was thirty-four inches deep. There were three servants of the gas company there. When dusk came on and they were quitting for the night, one of the servants was gathering up the tools, another was filling a lantern preparatory to lighting it and setting it on the plank over the hole, the third who was down in the cellar came out and pushed the plank back. He then went to another grating fifteen feet away and went down in this cellar to see if there was any trouble about gas there. About the time that he disappeared in this hole Mrs. DeHaven came up the street. The street lamps were lighted and the lights in the show window just opposite the grating were lighted. When Mrs. DeHaven got opposite the show window she noticed a dress hanging in the window and started to walk up to the window to look at the dress. When she did this the man who was filling the lantern called to her to stop as he saw.

she was about to walk into the hole, but his call was too late and she stepped into it before she could stop. The pavement was on one of the most traveled streets of the city. There were about seven feet of pavement between the hole and the curbing and Mrs. DeHaven would not have stepped into the hole if she had not turned to one side to walk up to the window. The gratings were turned up and there was light sufficient for her to have seen the danger if she had looked down. But her attention was directed to the dress she was looking at while walking towards the window. On these facts the court instructed the jury as follows:

"1. The court instructs the jury that if they believe from the evidence that the defendant's agent negligently suffered the cellar door in front of the property occupied by A. B. Robertson & Bro., on Main street, in Danville, Kentucky, to remain open, and that by reason thereof, the sidewalk at that place was not reasonably safe for the use of the public, and that the plaintiff, while exercising ordinary care for her own safety, stepped into said opening and was thereby injured, then and in that event the jury will find for the plaintiff.

"2. Unless the jury believe from the evidence that the defendant company's agent negligently suffered the cellar door to remain open at the place in controversy and that by reason thereof the sidewalk at that place was not reasonably safe for public use, the jury will find for defendant.

"3. Although the jury may believe from the evidence that the defendant's agent negligently suffered the cellar door in controversy to remain open and that by reason thereof the sidewalk at the place in controversy was not reasonably safe for public travel, yet the court further instructs the jury that it was the duty of the plaintiff in using the sidewalk to exercise ordinary care for her own safety and if the jury believe from the evidence that the plaintiff on the occasion when she was injured, if she was injured, failed to use ordinary care for her own safety, and that her said failure, if any, contributed to her receiving her said injuries, if any, to such an extent that her said injuries would not have been received but for her said failure, then and in that event the jury will find for defendant.

"4. Negligence as used in the instructions means the failure to use ordinary care, and ordinary care is

such care as an ordinarily prudent person would usually exercise under similar circumstances.

"5. If the jury find for the plaintiff, they will award her such a sum in damages as will fairly and reasonably compensate her for any mental and physical suffering, if any or either, and for any permanent impairment, if any, of her power to earn money which the jury may believe from the evidence was caused by and which was the direct and natural result of the negligence, if any, as set out in instruction 1, not exceeding $10,000.00 the amount claimed."

The jury returned a verdict in favor of the defendant and her petition being dismissed, the plaintiff appeals.

By instructions one and two the court submitted to the jury the question whether the defendant's agents negligently suffered the cellar doors to remain open and by reason thereof the sidewalk at that place was not reasonably safe for the use of the public. A hole in a sidewalk, twenty-two inches wide, forty inches long and thirty-four inches deep manifestly makes the sidewalk not reasonably safe for the use of the public. The sidewalk with this hole in it unguarded must be held as a matter of law to have been in a dangerous condition for the use of the public and we think it must also be held as a matter of law that to open the grating and leave the hole unguarded as was done in this case was negligence. It is true that such gratings are not uncommon in sidewalks and that they are put there for use, but when they are opened they should be protected in some way. Under the evidence no precaution was taken to protect this hole from the time it was opened until Mrs. DeHaven fell into it. It is true that one of the servants was filling a lantern which, after he filled it, he intended to light and place on the hole, but while he was doing this, no precautions were taken for the protection of the hole and during that interval Mrs. DeHaven fell into it. The servant who had come out of the hole left it open and had gone down into the other cellar to make an examination of conditions there and was coming out of that cellar just as Mrs. DeHaven fell into the hole. Under the circumstances, as a matter of law, it must be held that there was negligence on their part for while such gratings may be opened and used; care proportionate to the danger should always be taken to protect the public from the hole while the grating is standing open; and

no care was taken here from the time the planks were removed until Mrs. DeHaven fell into it. (Clifford v. Dam, 81 N. Y., 32; Smith v. McDowell, 148 Ill., 51; Hayes v. Seattle, 7 L. R. A., 425, n. s.)

Where openings like this are made in the sidewalk of a city street without municipal authority the rule seems to be that they are a nuisance as they constitute an unlawful obstruction of the street. Where they are made by municipal authority they are not unlawful, but the city is liable to a person injured therein if it has reason to know that they are kept in a dangerous condition or negligently left open. Where they have been maintained for a number of years it will be presumed, nothing else appearing, that the city authorized their construction or has acquiesced in it, but in such cases care proportionate to the danger must be exercised by those using them. (Barry v. Terkildsen, 1 Amer. St. R., 55; Jennings v. VanSchaik, 2 Am. St. R., 459; Woodbury v. District of Columbia, 136 U. S., 450; Severen v. Eddy, 52 Ill., 189; Irvin v. Wood, 51 N. Y., 224; Benjamin v. Street Ry. Co., 133 Mo., 274; Dillon on Municipal Corporations, sec. 1725, 5th edition; Wood on Nuisances, secs. 266 and 273.

In lieu of the first and second instructions the court should have told the jury that they should find for the plaintiff unless they believed from the evidence as set out in instruction three.

There was no error in giving instruction No. 3. While we have often held that in such cases the traveler is not as a matter of law guilty of contributory negligence we have always approved instructions submitting the question of contributory negligence to the jury. (Maysville v. Guolfoyle, 110 Ky., 670; Madisonville v. Pemberton, 25 R., 347; Owensboro v. Williams, 127 S. W., 280; Harrodsburg v. Sallee, 142 Ky., 829, and cases cited.

The circuit court did not err in admitting evidence by several witnesses that there was light sufficient for any one to see the open grating. This was not to admit expert testimony on the subject but to prove the fact as to how much light there was. The court also properly refused to allow the physicians who examined the plaintiff under the order of the court to testify to what she did and said while they were examining her. She

could not, thus make testimony for herself. (C. & O. Ry. Co. v. Wiley, 134 Ky., 461.)

Judgment reversed and cause remanded for a new trial.