McCloughry vs. Finney.

No. 9201.

WIDOW ALICE McCLOUGHRY VS. JOHN C. FINNEY.

Where a city ordinance has been received in evidence without objection, none will be heard in the appellate court.

No one can rightfully obstruct a side-walk under a plea either of convenience or necessity except for such time as is actually needful to get his goods in and out of his store. The public is entitled to free passage over every part of the side-walk, and whoever obstructs this passage is responsible, not alone for the penalties imposed by the city ordinances but for ulterior consequences as well.

It is neither legal excuse nor palliation that others obstruct the side-walks in like manner, nor that the general [habit of shop-keepers is to do likewise.

37    27
46  1187

37    27
107   733
37    27
114  1012

37    27
e123   172

McCloughry vs. Finney.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*E. H. McCaleb* and *R. Shackelford* for Plaintiff and Appellee.

1. No presumption arises against a plaintiff, from failing to call as a witness a little boy aged eight years who was present at the accident for which damages are claimed, when all the facts have been proven by other competent witnesses. 32 A. 1130. A child of such tender age is presumed incompetent and must be shown to have sufficient natural intelligence to comprehend the nature and effect of an oath. Greenleaf, Vol. 1, § 367. Where the witness is neither a party to the suit nor an employee, plaintiff is under no more obligation to call him than defendant, and the rule ennuciated in 35 A. 418 and 694 and 6 A. 164, does not apply.

2. Whoever obstructs a common highway commits a nuisance. Wood on Nuisances, Sec. 235. The term *highway* includes streets, sidewalks and banquettes. 6 Mod. 255.

3. Streets are public things (R. C. C. 454) and belong in common to everybody. Ib. 458. The municipal authorities administer the streets for the benefit of the public, 14 A. 842.

4. Every front proprietor is under an obligation not to obstruct the free use of the streets. 12 A. 747; 14 A. 287. When a passer-by is injured by the falling of an object the owner will be liable 12 A. 481; 14 A. 806.

5. Any unreasonable obstruction of a highway is a nuisance. Wood on Nuisances, Secs. 250 and 251. A merchant has no right to keep his goods on the street for purposes of sale. Ib. 258. No one can continuously occupy a part of the street—Ib. 261—for the public are entitled to a free passage over any portion of it they may choose to take. Wood on Nuisances. Secs. 262, 263, 264, 265.

6. A person erecting or maintaining a dangerous obstruction in a public street, is liable for all resulting injury. Wood on Nuisances, Secs 271, 276, 277, 281, 282 and 291. No question of negligence can arise, the act being wrongful. 18 N. Y. 79; 2 Black, 418.

7. Where defendant had his corn stored on the sidewalk in the City of New Orleans, in violation of a penal, prohibitory ordinance, and as a child eleven years of age was passing by, the top sack fell upon him, crushing and breaking his leg, the defendant is liable for all the damages suffered. 54 Ill. 482; 121 Mass. 294; § 996, Wharton's Law of Negligence.

8. Where a municipal ordinance referred to in plaintiff's petition is offered in evidence, and received without objection in the Court *a qua*, the authenticity and *factum* of the ordinance is thereby admitted (1 N, S. 614; 3 A. 627), and defendant's objections afterwards made for the first time in the Supreme Court, will not be listened to. 15 A. 389.

9. Where a defendant actuated *lucrum captando* does an unlawful act he is subject to every consequence which flows from it. Thompson on Negligence § 6, Vol, 1, p. 344; 9 Md. 108. The act being inherently unlawful, the actor is answerable at all events. 106 Mass. 458; 53 Ill. 212.

10, Where a boy is injured by a sack of corn falling on him from the top of pile stored on the banquette, the owner of the corn is liable in damages. Rev. C. C. Arts. 2315, 2316. A person is answerable for the things in his custody. R. C. C. Art. 2317. Though the cause of the corn falling down be unknown, the mere happening of the accident is *prima facie* evidence of defendant's negligence, *res ipsa loquitur*. Thompson on Negligence, Vol. II., pp. 1220, 1227, 1228, 1229, 1230, 1231. "Gravitation is constantly exerting itself to bring such an object down upon travelers." Thompson on Negligence, Vol. 1, p. 346, § 9.

11. It is negligence to leave a dangerous agency exposed on a public highway, where children are accustomed to pass and repass; and though a child be injured while playing upon such dangerous object, this will not prevent his recovering damages. Railroad Company vs. Stout, 17 Wal, 657.

McCloughry vs. Finney.

12. It is no excuse (1) that there was a convenient passage beyond the space occupied by the corn on the sidewalk (Thompson on Neg., p. 345, § 7), or (2) that other merchants violated the ordinance prohibiting such obstructions (6 A. 760; Thompson on Neg., p. 345,), or (3) that the City Surveyor gave defendant permission to violate the ordinance Wood on Nuisances, pp. 253, 261, 269, 271, 272.

13. Defendant cannot be heard to complain of errors in the Judge's charge to the jury, to which he failed to except in the Court below. C. P. 517: 10 M. 66; 17 L. 541; 5 R. 213.

### *E. E. Moise* for Defendant and Appellant.

A.　(1)　The burden of proving the allegations of the petition is on plaintiff.

　　(2)　There must be not merely an equality but a *preponderance* of proof in his favor. Vol. No. 2 Evans Pothier, p. 123 app. XVI Sec. 2. *Plaintiff has failed to prove her case*

B.　(1)　Evidence is to be weighed according to the power of one side to have produced, and the power of the other to contradict. Lord Mansfield in Blatch. vs. Archer, Cowp. p. 63. *Plaintiff could have made her case certain.*

C.　(1)　Plaintiff must make his case certain—and when he could and does not, the presumption that he could *not* holds.

　　(2)　Where there can be a fair inference drawn from the record and plaintiff has it in his power to prove the inference as a fact untrue, and fails to put the witness on the stand present in court, the presumption is the inference is true. 35 A. 694. Thompson Neg. Vol. 1, p. 514, sec. 6; 73 Ill., 58; 2 McG., p. 34; 2 A., 288; 6 A., 166.

　　(3)　Where one party to an action knowing the truth of a fact in controversy, and having evidence omits to speak; "every inference warranted by the evidence will be indulged in against him. 53 N. Y., 156. *It was not defendant's corn which did the injury.*

D.　(1)　Where parties to an action are charged by witnesses with committing offense which, if true, defeat their action, and they fail to take the stand to deny the charges, (a) if the testimony be doubtful it will be immensely augmented. 35 A., 425. (b) the presumption holds that they are guilty of the offence charged. 35 A., 694; 2 McG., 34; 53 N. Y., 156, and authorities cited in brief. *The two boys cut the corn and made it fall.*

E.　(1)　In an action sounding in damages for negligence it must appear plaintiff was not negligent. 11. A., 292; 22 Ohio St. 17, and authorities in brief.

　　(2)　The burden to show no contributory negligence is on plaintiff　40 Bart. 193; 16 Ill., 300, and authorities cited in brief.

　　(3)　(a) Plaintiff must show defendant's negligence. (b) No contributory negligence on his part. 1. A., 372; 35 A., 499; 18 L., 339, and cases in brief.

F.　(1)　If evidence as to plaintiff's use of ordinary care be uncertain, he cannot recover. 15 Penn. St. 463; Walker vs. Hern, 22 Tex., 55.

　　(2)　If it be conflicting it must preponderate in his favor. 18 N. Y., 248.

　　(3)　Defendant need not prove contributory negligence on plaintiff's part beyond a reasonable doubt　48 Wis., 513; 33 Am Rep., 821. *No negligence on defendant's part.*

G.　(1)　Tresspasser cannot maintain an action for negligence, when his tresspass was the proximate cause of the injury. 58 Bart. 438. *Contributory negligence on plaintiff's part.*

H.　(1)　A twelve-year-old boy, with a companion bringing an injury by their conduct upon themselves, cannot recover. Hughs vs. McFie. 2 Hurlst & Colton 744, see also four-year-old child. Law Rep. 1 Exch, 239; 4 Hurlst & Colton. 388.

　　(2)　A child eleven years old, active and intelligent, is not incapable of taking care of himself. 33 N. Y., 642 at p. 647.

(3) A twelve-year-old boy can be guilty of contributory negligence, Glover vs. Gray, 9 Ill., app 329. *The boys knew they were wrong in cutting the corn.*

I. (1) Municipal ordinances, when the law requires it, must be published, that requirement is essential to give them the force of law. 38 N. J. Law 110, and cases in brief.

(2) Courts do no not take judicial notice of ordinances.

K. (1) A party pleading must prove the ordinance as a valid existing law of the municipality (that is that the essentials to its validity have been complied with) by *competen evidence.* 56 Ill. 317.

(2) Only custodians of records can certify to what those records show.

(3) The presumption that what city records show to have been done when certified to was done, only applies when the certificate of the custodian of those records certifies to the facts.

(4) Facts not certified to can neither be presumed to have been nor be the basis of at presumption. *No proof of any kind which would justify the court in noticing the ordinance.*

L. (1) A penal law has not been broken till the act done which is claimed to be its breach warrants the infliction of its penalty.

(2) Penal laws are strictly construed.

(3) The ordinance in question wisely vests a discretionary power in the city officials. " *Time, necessity and locality are important elements in determining the character of any particular use of a highway.* 35 N. H., 257.

(4) This court will not inquire into or interfere with the exercise of that discretionary power. *Defendant did not disobey the ordinance.*

M (1) Municipal ordinances cannot make negligence what was not negligence before. 8 Daly 317; 80 Mass,, 249, and cases in brief.

(2) City ordinances cannot create civil liabilities. 45 Mich., 74; 40 Am. Rep., 457, and cases cited in brief.

N. (1) The disobedience of the city ordinance is not negligence; it is evidence to be considered like any other evidence submitted for consideration. 89 Pa. St. 71; 129, Mass,, 310; 64 N. Y., 524; 63 N. Y., 522; 8 Daly N. Y., 231; 84 N. Y., 488 reviews all the authorities.

The opinion of the Court was delivered by

MANNING, J. The suit is for the recovery of five thousand dollars as damages for injuries to the son of the plaintiff caused by a sack of corn falling on him which broke his leg. The defendant keeps a grain or feed store on Poydras street, and the sack fell from the top of a pile of corn that had been placed on the banquette in front of his store. The lad, a boy of eleven years, was going by with two companions between seven and eight o'clock in the evening of the 11th of September 1883 when the casualty befell him. The case went before a jury who found for the plaintiff and assessed the damages at fifteen hundred dollars.

An ordinance of this city prohibits any one from encumbering or obstructing the side-walks by depositing thereon any goods or other article except so long as may be necessary for loading or unloading.

McCloughry vs. Finney.

Sundry objections are made to our considering this ordinance, but they are made for the first time here. None were made on the trial below. The ordinance was received in evidence without objection, and the uniform rule is that when so received, objections come too late on appeal. Pannell v. Coe, 1 Mart. N. S. 614; Pickett v. Bates, 3 Ann. 628; New Orleans v. Congregation, 15 Ann. 389.

We do not think the testimony of the injured boy or of his companion of same age is fairly open to the criticisms made by the defendant. The story of both is substantially the same. They may be street *gamins* as he says and as vicious as those pests usually are, but there is no proof whatever that either of them contributed to the disaster by negligence or by action. We cannot follow the defendant's counsel into the realm of conjecture, and assume that the injured boy cut one of the lower sacks and loosened the foundation of the pile, and thus precipitated the sack from the top. The proof does not establish such solution.

Nor was the failure of the plaintiff to call the third lad as a witness a circumstance of any moment. He was a child of only eight years and could scarcely "have cleared the obscurity and doubt" of his companions' testimony.

The defendant was in fault at the outset. He had not only violated a city ordinance but a general law as well. No one can rightfully obstruct a side-walk under any plea, whether of convenience or necessity, except for such time as is actually needful to get his goods in and out his store. The public is entitled to free passage over any and every part of the side-walk, and this cannot be impaired with impunity. Wood on Nuisances, secs. 261-5. Whoever unlawfully obstructs the passage over the side-walk is responsible for the consequences—not alone for the penalty the city authorities may have attached to the infraction of their ordinances—but for ulterior consequences as well. By placing himself in the wrong he shuts himself out from defences that might otherwise avail him, because when the act is inherently unlawful the question of negligence of the party injured by it does not arise. Salisbury v. Herchenroder, 106 Mass. 458. He is in a different position from one who occasions an injury by the imperfect doing of a legal act, in which case there is a carelessness that may be culpable though not wilfull, but in his case there is a positive defiance of the law and a resulting injury from the very act that constitutes that defiance. 1 Thompson on Negligence, 344-5.

The fact that the defendant's neighbors obstructed the side-walk in the same manner, and that many others habitually do it, is no legal excuse or palliation of his act when that act has occasioned injury to another. Months or years may elapse before a serious injury results from blocking the side-walks, and many score of shopkeepers may be equally culpable, but when injury has been done, the party who occasions it must bear the brunt of it.

We have carefully scanned the testimony of the extent of the injury. The trial was in February last and the doctor was still attending the boy, who had been confined to his bed between six and eight weeks. He does not think the injury will be lasting except in so far as changes in weather will produce pain. The boy is not a cripple. We are not disposed to interfere with the verdict.

Judgment affirmed.

Rehearing refused.

### On Application for Rehearing.

Objection is made to that sentence of the opinion wherein it is said that the wrong-doer shuts himself out from defences which might otherwise avail him, because when the act is inherently unlawful the question of the negligence of the party injured by it does not arise. The sentence of Thompson intended to be paraphrased is;—"the act being inherently unlawful, the actor is answerable at all events for the injurious consequences and the question of negligence does not arise." The author means negligence on the part of the actor, i. e., if the act is unlawful it matters not whether it was carefully or negligently done, it is sufficient to shew the illegality and not necessary to shew negligence.

A reexamination of the record confirms us in the opinion expressed before that there is no proof of contributory negligence, and therefore there is no need to say what effect proof of contributory negligence would have. It is proper however to correct the sentence touching it as above, and since we find nothing else to correct,

The rehearing is refused.