## No. 12,693.

MRS. ESTELLE J. SHIDET VS. JULES DREYFUSS COMPANY, LIMITED, ET AL.

It is negligence to throw from the interior of a building the debris of carpenters' work done therein upon a constantly traveled public sidewalk, and to leave it there throughout the night of Saturday, all Sunday and all Sunday night, and the lessees of the building are responsible for personal injuries received by a passer upon the sidewalk falling over the same at night, there being no light nor other warning, or notice given of the presence of such obstructions, and the night being dark.

Such an accident was one which might reasonably have been, and should have been, anticipated and guarded against. The lessee had no right to take the chances of the sidewalk being lighted up either by the moon or by the electric lights of the city. Plaintiff had the right to be walking precisely where she was; she was not bound to walk on the gutter's edge, or on the middle of the sidewalk, but had the right to assume and presume that the whole way was clear. Heckman vs. Evenson, 73 N. W. 430.

APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*T. C. Barret, Thatcher & Welsh* for Plaintiff, Appellee.

*Leonard & Randolph* for Defendant, Appellant.

Argued and submitted January 12, 1898.
Opinion handed down February 7, 1898.
Rehearing refused February 21, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff in this action sued the owners of a certain building in the city of Shreveport, described in her petition—the lessee of said building and a contractor who was engaged in doing certain work upon the front and in the interior of the same *in solido* for five thousand dollars damages for personal injuries received by her on the night of the 13th of September, 1896. A severance having been granted the case was taken up and tried before a jury as against the lessees of the building, the Jules Dreyfuss Company, Limited.

A verdict was rendered against the lessee for the sum of fifteen

hundred dollars, for which amount the court gave judgment after refusing defendant's motion for a new trial. Defendant appealed.

In the Supreme Court plaintiff prayed for an increase in the amount of the judgment.

In her petition she averred that on the night in question she was walking in company with her nephew, Fred. Boise, and Mr. John Bammert on the sidewalk of Market street, a public thorough'are of the city of Shreveport, and alongside the said building, when she fell over a pile of boards or lumber on the sidewalk alongside of said store. That the cause of her said fall was tripping or stumbling, over said lumber which was on said sidewalk. That by her fall her leg was broken between the knee and ankle. That there were no lanterns or lights placed at said pile of lumber which obstructed the said sidewalk, neither was there any warning or notice of any kind calling the attention of passers-by to said obstruction. That the night was dark and she used all due diligence and care in pursuing her way along said sidewalk, and did not see, nor did the said Boise and said Bammert who accompanied her, and they likewise stumbled and fell over the same obstructions. That her said injury was caused by the gross neglect of the owners of said buildings, the said contractor and the said Jules Dreyfuss Company, Limited, putting said obstructions upon the said sidewalk, and in having no lanterns or lights or notice or warning of any kind upon or near said obstructions. That at that date she was employed as matron at the Charity Hospital in Shreveport at a salary of fifty dollars per month. That in consequence of said injuries caused as aforesaid, and by said negligence, she suffered great bodily pain and shock; that she was confined to her bed for many weeks and was still confined to her bed as a direct consequence of said injuries. That she had been damaged by said negligence of said defendants, and without any lack of care or diligence on her part, in the sum of two hundred dollars, and special damages in loss of time from her said employment, and in the further sum of two hundred dollars for doctor's bills and medical attendance, medicines, appliances, nursing, etc., all rendered necessary from her said injury, and in the further sum of forty-six hundred dollars for her great bodily suffering and pain.

Defendant, after pleading the general issue, specially denied that plaintiff suffered any injury through the fault or negligence of defendant, and averred that if any injury was sustained, which was

denied, it was through the negligence of plaintiff and through no neglect or fault of defendant.

The plaintiff, while walking on the sidewalk of one of the principal streets of Shreveport, was thrown to the ground and had her leg broken by an obstruction which some one had placed on that sidewalk directly opposite the window of a building occupied as a store by the Jules Dreyfuss Company, Limited.   Just prior to the accident the building had been undergoing some repairs and changes under a contract made by one Frank Denham with the Dreyfuss Company, Limited.   A portion of the work covered alterations in the shelving in the interior of the store in which Dreyfuss Company were doing business as dry goods merchants.   As the work progressed and after its completion the parts of the old lumber of the shelving which were replaced by new pieces and the odds and ends and debris, which could no longer be utilized, were removed through the window of which we have spoken.   Some of these were piled lengthwise along the outer edge of the sidewalk next the gutter; others along the wall of the Dreyfuss building, and some in an irregular pile extending from the wall toward the middle of the sidewalk.

When plaintiff met with her injury, she, her grandson, about nine years old, and a gentleman friend were walking abreast of each other—the latter next the wall, the grandson in the centre, and plaintiff on the outer side.   The hour at which the accident happened seems to have been a little after 8 o'clock on the evening of Sunday, the 13th of September, 1896.   The moon had been up an hour or two, but it threw little if any light at the time upon the street or sidewalk, as intervening buildings prevented its doing so. The city of Shreveport is provided with a system of electric lights for the lighting of the public streets, but upon nights on which the moon is up, these lights are either not lighted at all or delayed in being lighted beyond the usual hour.   The store of the Dreyfuss Company forms one of the corners of Market and Texas streets. Just across the street there is a large hotel building known as the Phœnix Hotel.   The portion of that building forming the corner of Texas and Market streets is occupied as a saloon by Dreyfuss & Caperton, who during the week days cause to be lighted at that corner an electric light, provided and paid for by themselves separate and distinct from the city lights.   Plaintiff's demand for damages for the injuries which she received by her fall is contested mainly upon the

ground that the obstructions upon the streets were not placed there by themselves or their employees, but by Denham and some of his employees, on which hypothesis they contend they are not responsible, inasmuch as Denham was an independent contractor for the work done, and he alone is chargeable with the consequences of acts done by himself or his workmen. Defendants make also a very strong effort to prove that at the time of the accident the sidewalk along their building was under a strong light both from the moon and from the electric lights referred to, and that plaintiff was guilty of contributory negligence in not seeing and avoiding the construction on the sidewalk. The jury before whom the case was tried obviously held, under conflicting evidence, that the testimony of the plaintiff and of plaintiff's witnesses, going to show that the sidewalk at the spot where and at the time when the accident occurred was not lighted, but that the obstructions were hidden and concealed from view by darkness, was correct. The jury (also under conflicting evidence) obviously held, that the particular portion of the obstructions which caused plaintiff to fall and break her leg, was placed upon the sidewalk by the Dreyfuss Company or its employees in the discharge of their ordinary duties as such. We have examined the evidence with care, and we are not prepared to say that the jury erred in its conclusions on either point. If the debris upon the sidewalk which caused plaintiff to fall was placed there by the defendant or its employees the question of "Independent contractors " disappears from the case.

The testimony introduced by the plaintiff as to whether at the time and at the place of the accident the spot where it occurred was lighted or in darkness, is direct and positive to the effect that it was in darkness. That relied on by defendant (though it be true as stated) does not successfully controvert it. It may well be that the city electric lights had been lighted prior to the accident, but it by no means follows from that that they were burning or giving light at the precise time when it was necessary that they should be burning in order for plaintiff to see the obstructions before her.

The evidence establishes that electric lights not only flicker, but that they frequently go out entirely, though they resume in a short time their brightness. It is quite possible (in fact under the evidence we are bound to say), assuming that lights had been, in point of fact, burning before the time of the accident and that when burn-

ing the effect of the same extended to the sidewalk opposite the window of the Dreyfuss building (which latter fact is by no manner of means certain), that the accident occurred precisely in one of these periods of temporary darkness. The jury were doubtless familiar with the locality at which the accident occurred; the distances from point to point, as well as the relative situation of the windows of the Phœnix Hotel, those of the Dreyfuss & Caperton saloon, and those of the Dreyfuss Company building, opposite which the accident occurred. We do not think the " *Commercial light* " at the Dreyfuss & Caperton corner plays any part in the solution of the questions at issue in this case. The accident occurred on a Sunday, and that light was not made use of on that night. Had it been burning it is questionable whether with the intervening lumber piled along the outer edge of the sidewalk of the Dreyfuss Company building, and with the shadow from that light, which it is shown an intervening post would cast upon that sidewalk, the situation would have been materially changed. Be all this as it may, we do not think the evidence is in such a condition as to justify us in setting aside the verdict of the jury. It must be conceded that there was gross negligence in throwing the debris remaining from the work done in the Dreyfuss Company store upon a constantly traveled public sidewalk, and leaving it there throughout the night of Saturday, all Sunday and all Sunday night. All the probabilities come in aid of the testimony adduced to the effect that the employees of the Dreyfuss Company placed the obstructions upon the sidewalk. The house was engaged in an active business, requiring for that purpose that the interior of the building should be cleared of the useless material lying upon the floors, and we think with the jury that the debris in question were swept upon the sidewalk by the porter of the house or by their office boy.

We think the result which happened was one which the Dreyfuss Company might reasonably have anticipated, and one which they should have anticipated. They had no right to take the chances of their sidewalk being lighted up either by the moon or by the electric lights of the city. The plaintiff had the right to be walking precisely where she was. She was not bound to walk on the gutter's edge or in the middle of the sidewalk, but had the right to assume and presume that the whole way was clear. Heckman vs. Evenson, 73 N. W. 430.

It is urged that the damages claimed do not extend under the pleadings to damages for injuries resulting in permanent bodily injury; that the damages found must be held to have been fixed purely as for pain and suffering, and that viewed from that standpoint the amount of damages returned by the verdict is excessive. The verdict of the jury was a general one. Accepting the view taken of it by appellant we do not feel warranted in saying it was given for too large an amount.

For the reasons herein assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.