(42 South. 652.)

No. 16,334.

WEBER v. UNION DEVELOPMENT & CONSTRUCTION CO., Limited.

(Nov. 26, 1906. Rehearing Denied Jan. 7, 1907.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREET—INJURY TO PEDESTRIAN.

Where, in repairing a street, a contractor places upon the crossing a barricade so weatherstained as to be inconspicuous at night, and fails to provide a red lantern as required by city ordinance, and the barricade, either from its rickety condition or from being run against by passers who do not see it, is frequently upset and lying flat on the pavement, where it serves no useful purpose, but is dangerous to travelers on the street, *held*, that the obstruction being on the street is the result of the negligence of the contractor, entailing upon him responsibility for the injury to a person who in the night is tripped up by it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1688, 1689.]

2. SAME—RIGHTS OF PEDESTRIAN.

A pedestrian is not confined to the regular crossing, but may walk upon any part of the street. He may traverse it diagonally.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1681.]

3. SAME—DUTY OF PEDESTRIAN.

All that is required of a pedestrian upon the street is ordinary care, and this does not necessitate his looking constantly where he treads. He may run to catch a car, and when doing so, and about to cross an intervening car track, upon which an electric car may be coming at any time, he may without negligence divide his attention between the car he is bent on catching and the intervening car track. He is not bound to be looking constantly at his feet. He has the right to assume that the roadway is safe for travel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1673, 1678.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Fred C. Weber against the Union Development & Construction Company, Limited. Judgment for plaintiff, and defendant appeals. Affirmed.

Foster, Milling, Godchaux & Sanders for appellant. Stafford, Lambert & Robinson and Frank McGloin, for appellee.

PROVOSTY, J. While running at night diagonally across the intersection of Pierce street and the lower side of Canal street, to take a car on the far, or upper, side track on the neutral ground of Canal street, plaintiff was tripped by an obstruction, and he fell and suffered the injury for which he brings this suit, claiming that the presence of the obstruction was due to the negligence of the defendant company. The obstruction was one of these trestles used for barricading streets under repair, consisting of a long plank, which, when in proper position, is held up edgeways, or with its sides to the horizon, at an elevation of about four feet from the ground, by four supports or legs, but which on this occasion had fallen and lay on its side on the pavement; the plank just high enough from the ground for the foot of a pedestrian

to get under it. And that is what happened to plaintiff. His right foot got caught under the plank, and he fell on his left knee, and dislocated the kneecap, and broke his thigh bone. The defendant company was repairing the upper side of Canal street, and had placed this trestle across Pierce street, along the line of the lower side of the neutral ground on Canal street, to prevent those going up Pierce street from crossing to the upper side of Canal street; and it had fallen, or had been thrown down.

In support of his allegation of negligence, plaintiff proves that this trestle had been placed by defendant at this crossing without the red light upon it required by the city ordinance, such as had been placed on all the other barricades at all the other crossings along the whole length of this street, as well as on the barricade at the upper side of this same crossing; that this trestle was weather-stained to almost the color of the asphalt on which it stood, so that it was inconspicuous and liable to be run against by passers and thrown down, and that either from this cause or from its rickety condition it was frequently down; that on the night preceding the accident a Mr. Deforges, living at the corner, struck his foot and skinned his shin against the same trestle as it lay on the ground in precisely the same position as when plaintiff ran foul of it; that on another occasion Deforges' boy, while playing at hide and seek, ran up against it as it stood in its proper position, without seeing it; that the night watchman found it down and set it up again when he came to his work about 2 hours before the accident, and that it was seen to be down again about 15 or 20 minutes before the accident; that the number of watchmen on the work had been reduced by defendant from five to two; and that the watchman on this particular beat had been detailed by defendant on that night to other work. The evidence leaves in doubt how long before the accident the watchman had passed at this particular crossing, whether half an hour or an hour before.

Under the above circumstances, we think the negligence of defendant is made out. The right accorded to a contractor to place obstructions on the public street should be exercised with more care than this. It seems that the reason why the required red lantern had not been placed on this trestle, as on all the others, was that the watchman was short one lantern. He says he had in vain made requisition for it. The evidence fully shows that this trestle was, from one cause or another, in the habit of falling and becoming an obstruction upon the street, serving no useful purpose, and endangering the safety of travelers on the street.

As usual in such cases, defendant seeks to escape the consequences of its own negligence by charging plaintiff with contributory negligence.

It charges, first, that plaintiff was drunk; second, that plaintiff had no right to go diagonally across the street, but should have gone straight across along the regular crossing; and, third, that plaintiff should have seen the obstruction and avoided it.

The first and second of these contentions are easily disposed of. The evidence fails to show that plaintiff was in any degree under the influence of liquor; and the rule is that a pedestrian is not confined to the regular crossing, but may walk upon any part of the street. Elliott on Roads and Streets (1st Ed.) p. 622; Id. (2d Ed.) § 810. The right to cross the street diagonally was specifically recognized in Denver v. Sherret, 88 Fed. 226, 31 C. C. A. 499.

The third contention, otherwise expressed, is that plaintiff failed to use ordinary care, "meaning such care as is usually exercised under like circumstances by persons of ordinary prudence." A. & E. E. vol. 15, p. 465.

This contention is not better supported

than the other two. Plaintiff was bent on catching a car coming on the track on the far, or uptown, side of the neutral ground, and, for doing so, had to cross the car track on the near, or downtown, side of the neutral ground. It was perfectly legitimate for him to run to catch his car, and to divide his attention between the car he wanted to catch and the track he was about to cross, upon which another car might be coming. The surface of an asphalted street is not usually so strewn with stumbling blocks or abounding in pitfalls that a pedestrian need be looking constantly where he treads. "He walks, as has been said, somewhat too strongly, by a faith justified by law, and has a right, in the absence of anything to the contrary, to presume that the highway is reasonably safe for travel." Elliott on Roads & Streets (2d Ed.) § 635.

Moreover, the electric lamp at the crossing might well have been at that particular moment in one of its total or partial eclipses. This court has already had occasion to note that these electric lamps do not burn steadily, but are variable, and even sometimes go out entirely. Shidet v. Dreyfuss Co., 50 La. Ann. 283, 23 South. 837. The fact that Officer Esser saw plaintiff running proves only that at that particular moment it was light enough to see so conspicuous an object as a man running. Nothing shows that the weather-stained plank on the ground was not a much less conspicuous object. Besides, the time when Officer Esser thus saw plaintiff was when he was getting off of the rear platform of the car which plaintiff was running to take, as the rear platform had not yet reached the crossing, whereas, he had reached the sidewalk when he heard plaintiff cry out from his fall. In the interval between his seeing plaintiff and his hearing him cry out, the fitful light might have varied 20 times.

The unreliability of this light for revealing obstructions upon the street is attested by the fact that red lanterns are required to be maintained on these trestles, even when they are standing up in their proper positions, when, naturally, they are much more conspicuous objects than when sprawling on the pavement, and is further attested by the experience of Deforges and his boy.

Defendant has appealed from a judgment for $3,250, and plaintiff by answer to the appeal asks that the judgment be increased. Plaintiff is 47 years old, a cabinet maker by trade, and earns a living by repairing furniture, etc., and doing whatever other manual work comes to hand. His sufferings from his injuries were very great, and he still has pains in his limb when the weather changes. His left leg has been made shorter by two inches than his right, so that he now limps; and the limb has lost much of its flexibility, so that he has trouble in going up or down stairs. The cap of his knee is now liable to become dislocated again on slight provocation, so that his capacity for work is reduced by that much. Under these circumstances, we do not think the allowance should be reduced; and we see no sufficient reason for increasing it.

Judgment affirmed.