No. 2766.

Second Circuit

TILLER v. CITY OF MONROE

(Jan. 28, 1927. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Evidence—Par. 1, 10.**

It is not necessary for the plaintiff to allege that a city is a municipal corporation. The court takes judicial notice of that fact.

2. **Louisiana Digest—Municipalities—Par. 266, 267; Pleading—Par. 18, 26.**

Where one sues a city for damages it is not necessary to allege that the negligence charged against the municipality did not arise in the discharge of any governmental function in order to state a cause of action.

3. **Louisiana Digest—Municipalities—Par. 260, 266, 267; Pleading—Par. 18, 62.**

A damage suit against the municipality in which the plaintiff does not allege that she used ordinary care or that the city had notice of the obstruction which caused the accident will not cause the suit dismissed on exception no cause of action if she alleges sufficient to permit the introduction of evidence, to show ordinary care and that the city had implied notice of the obstruction.

4. **Louisiana Digest—Municipalities—Par. 258, 261, 263.**

One who is walking on a sidewalk without knowledge of a particular obstruction, had the right to assume that the way was safe, and not being bound to anticipate the obstruction, the fact that she did not do so, did not defeat her right of action for want of exercising ordinary care; especially where the street was poorly lighted and the obstruction was small.

**5. Louisiana Digest—Municipalities—Par. 260.**

An obstruction to a sidewalk in the business district of a city that had existed for a month, although it could have been easily removed, constituted implied notice to the city that the obstruction existed.

**6. Louisiana Digest—Municipalities—Par. 255.**

Keeping the sidewalk of a city clear of obstructions is an administrative function and not a governmental duty.

**7. Louisiana Digest—Municipalities—Par. 255.**

It is negligence of a city and its agency to allow an obstruction to remain on a sidewalk in the heart of the business district for a period of a month.

Appeal from the Fourth Judicial District Court of Louisana, Parish of Ouachita. Hon. Percy Sandel, Judge.

Action by Mrs. S. C. Tiller against City of Monroe.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dawkins & Dawkins, of Monroe, attorneys for plaintiff, appellee.

H. H. Russell, of Monroe, attorney for defendant, appellant.

WEBB, J. The plaintiff brought this action to recover judgment for damages for injuries sustained by her through the alleged negligence of defendant.

She alleged that the city of Monroe, of which Arnold Bernstein is mayor and H. R. Speed and W. A. Atkinson are commissioners, is indebted to her in the sum of $5,000.00; that at about 9 o'clock on the night of February 10, 1924, while she was walking from her home, on the west side of Hart street in the city of Monroe, Louisiana, going up the west pavement on said street, towards DeSiard street, her foot came in contact with a parking sign post which was four or five feet in length and four by four inches in thickness, that had been erected by the city authorities' of Monroe near the west sidewalk of said Hart street and which parking sign post had fallen or been knocked down and lay along the sidewalk and was lying across the sidewalk at the time of the accident, impeding and endangering the passage of pedestrians; that the night was dark and she did not see the post, and when her foot struck against the post she was thrown to the ground; that the post had been lying along the sidewalk for two or three weeks prior to the time of her injury, and that the city of Monroe, its officers and agents were grossly negligent in leaving said post in such position on the sidewalk where it might at any time be moved across the sidewalk and cause injury to any passerby; and that her said injury was due entirely to the gross fault, negligence and carelessness of the city of Monrone, its officers and agents, in permitting said parking sign post to remain on the sidewalk.

The city of Monroe filed an exception of no cause of action, which was overruled, and it answered, pleading in effect, a general denial, but especially alleged that if the plaintiff was injured it was due to her own carelessness and negligence in that the obstruction, if such it was, was at a place in the heart of the business district, which was well lighted, and the obstacle should have been seen by plaintiff, if she was exercising ordinary care.

After the answer was filed, but before the case had been fixed for trial, plaintiff was permitted, over the objection of defendant, to file an amended petition, in

which it was alleged that the negligence of the city was in the exercise of its administrative functions and not in the exercise of its governmental duties.

On trial judgment was rendered in favor of plaintiff and against defendant for two thousand dollars, and defendant appealed.

The plaintiff answered the appeal, praying that the judgment be amended and that she be granted judgment for the amount claimed.

## OPINION.

The defendant contends the judgment should be reversed, on the ground that the exception of no cause of action should be sustained and that the plaintiff failed to establish that she was in the exercise of ordinary care or that the city had notice of the obstruction in sufficient time to have removed it before the accident; while plaintiff contends the amount awarded her should be increased.

The exception of no cause of action is pressed on the following grounds:

1. That plaintiff does not allege defendant is a municipal corporation;

2. That she failed to allege the negligence charged did not arise in the discharge of a governmental function;

3. That she did not allege she was in the exercise of ordinary care; and,

4. That she did not allege the city had notice of the obstruction in sufficient time to have removed it before the accident.

## I.

While there is some conflict of authority as to the necessity of alleging the corporate existence of a private corporation when made defendant in a suit, we do not think it was essential to allege the corporate existence of defendant.

The defendant is designated by its proper name "City of Monroe" and the court should take judicial notice of its corporate existence; and this being the case, it was not necessary to allege that fact.

## II.

The law requires municipal corporations to maintain their streets and sidewalks in a reasonably safe condition for use by persons exercising ordinary care, and the facts alleged by plaintiff clearly show that her action is based on, and that the charge of negligence is made against defendant for, failure to comply with such requirement; and while we do not think the petition was defective for failure to specifically allege that the negligence charged against defendant did not arise in the discharge of any governmental function, but, if it was defective in this respect, it was cured by the amendment, which was properly allowed. (National Park Bank vs. Concordia Land & Timber Co., 159 La. 86, 105 So. 234.)

## III.-IV.

While plaintiff does not specifically allege she was exercising ordinary care or that defendant had notice of the obstruction in sufficient time to have removed it before the accident, she does allege that the night was dark and that she did not see the obstruction, and she also alleges the place and nature of the obstruction and that it had existed in the locality for about three weeks; and although her allegations are vague, we are of the opinion they are sufficient to permit the introduction of evidence to show that plaintiff was exercising ordinary care, and that the city should be held to have had implied notice

of the obstruction (James vs. City, 151 La. 480, 91 So. 846), and that she states a cause of action.

## MERITS.

The evidence shows that while plaintiff was walking along the sidewalk on Hart street at about 9 o'clock at night, she tripped on a piece of timber, 3″ by 3″ square, and about 4′ long, which was lying across the sidewalk at an approximate distance of fifty feet from the intersection of Hart and DeSiard streets, which was in the heart of the business district of the city.

That the piece of timber was originally used as a sign post to designate parking limits on Hart street, where it had been placed in an upright position on the sidewalk at approximately the location where the accident occurred; but some time before the accident (about a month) the post had fallen, and since that time had lain on the sidewalk on Hart street, next to and parallel with the wall of a brick building which fronted on DeSiard street, until the evening of the accident when it was in some manner removed from its posiiton next to and parallel with the wall and, at the time of the accident, was lying across the sidewalk.

The plaintiff lived on Hart street to the rear of the building which fronted on DeSiard street, and from her home as well as when she had occasion to use the sidewalk, she had noticed the position of the timber as it lay next to the wall where it had remained for about a month and until a few hours prior to the accident, but she did not know that the timber had been moved and of its position at the time of the accident.

There was an arc lamp at the intersection of Hart and DeSiard streets which, if lighted and brilliantly burning would have lighted the place of the accident; but plaintiff testifies it was dark at that place at the time of the accident, her testimony being in part as follows:

"Q. Except for the lights on DeSiard street at the corner, are there any lights between DeSiard street south of the next corner?

"A. No light in my street, no, sir.

"Q. Is the sidewalk paved at the point where you fell over the parking post?

"A. It was paved where I was walking, yes, sir. * * *

&ast; &ast; &ast;

"Q. This post was a wooden post?

"A. Yes, sir.

"Q. Painted white?

"A. Yes, sir.

&ast; &ast; &ast;

"Q. You spoke of a light. There was an arc light right at the corner of Hart and DeSiard streets, was it?

"A. I think there is one there.

"Q. You don't recall?

"A. Where I fell it was dark.

&ast; &ast; &ast;

"Q. Always been a lighted corner where you could see anybody coming or see anything if it amounted to anything?

"A. Next to the street.

"Q. Fifty feet away from the street?

"A. It was dark you know; no light there.

"Q. No light where you fell?

"A. You could see the reflection of it in the street.

"Q. No light where you fell?

"A. No, sir; no light where I fell.

"Q. Where Hart street comes into DeSiard is there not an arc light there?

"A. I think there is an arc light there, as well as I remember.

"Q. Fifty feet from where you fell?

"A. On DeSiard.

"Q. Right on DeSiard street, at the corner?

"A. Yes, sir.

"Q. No trees or anything between the corner and where you fell—perfectly open?

"A. Yes, sir.

&ast; &ast; &ast;

"Q. Were you walking alone when you fell?

"A.  Yes, sir; I was alone. * * *
                * * *
"Q.  Walking pretty fast?
"A.  Tolerably fast.
"Q.  In a hurry to get back?
"A.  Yes, sir."

The defendant did not call any witnesses to show that the arc lamp at the intersection of Hart and DeSiard streets was burning with sufficient brilliancy to have lighted the place where the accident occurred, nor to prove that the city did not have notice of the obstruction in sufficient time to have removed it before the accident, but accepts the evidence introduced by plaintiff and contends it does not show that she was in the exercise of ordinary care and that the facts established showing the nature and duration of the existence of the obstruction are not sufficient to permit an inference of knowledge of the obstruction on the part of the city in sufficient time to have removed it, and contends that if there is any doubt as to the sufficiency of the evidence it should be resolved against plaintiff.

In its contention, as we understand, the defendant takes the position that the law not requiring of it to maintain its sidewalks in an absolutely safe condition but only in a reasonably safe condition for use of persons in the exercise of ordinary care, and that the municipality cannot be held to have been guilty of negligence by reason of the existence of an obstruction on the sidewalk which appears to have been permitted rather than caused by it unless it had notice (express or implied) of the obstruction in sufficient time to have removed it before the accident; while the plaintiff contends that the burden of pleading and proof is on defendant to show negligence on the part of plaintiff, and that the city did not have notice of the obstruction in sufficient time to have removed it before the accident, and where the evidence leaves any doubt as to such questions it should be resolved against defendant.

While the respective positions of the parties may be the subject of controversy, we are of the opinion that the burden of pleading and proof of negligence was upon the defendant where plaintiff had alleged and shown negligence on the part of the defendant (Baldwin vs. Consumers L. & P. Co., 2 La. App. 442 and authorities cited); and while there was an exception in the case of Weinhardt vs. City, 125 La. 351, 51 So. 286, which is cited as supporting the view that the burden of pleading and proof is on defendant to show want of notice, yet in that case it was said:

"There is no negligence for which she (City of New Orleans) can be held, unless it appears that she has been warned or notified either expressly or impliedly."

And the great weight of authority seems to be that the burden of pleading and proof is on the plaintiff in actions such as the present, to show that the city had notice (James vs. City, 51 La. Ann. 480; Wiltz vs. City, 2 La. App. 444; "Highways", R. C. L., vol. 13 No. 401).

Considering the facts stated and the evidence quoted as to whether or not the defendant was negligent and, if so, whether it appears that plaintiff was in the exercise of ordinary care, or that she was guilty of negligence.

The obstacle or piece of timber was, we think, where placed on the sidewalk, of such nature as to constitute an obstruction (Blume vs. City, 104 La. 345, 29 So. 106; Labarre vs. City, 106 La. 458, 30 So. 891); and although it may not have been as dangerous an obstruction as it lay along the sidewalk and parallel with the wall as

when it lay across the sidewalk, yet if it was in the original position for a sufficient length of time to permit an inference of knowledge of the situation, it follows that the city should be held to have had knowledge of the particular obstruction resulting from the timber lying across the sidewalk, as from the nature of the object and its position on the sidewalk parallel with and next to the wall the city should have anticipated it might be knocked from its position next to the wall and placed across the sidewalk. (Orser vs. New York, 111 N. Y. Supp. 670.)

The evidence shows that the obstruction was in the heart of the business district of the city and that it had existed for a period of one month, and we are of the opinion, considering that the object as it lay on the sidewalk constituted a patent obstruction which could have been quickly removed, and that the obstruction was in the heart of the city, that the city should be held to have had implied notice, although the obstruction had existed for only a short period. (See, Lorenz vs. City, 114 La. 802, 38 So. 566; Brill vs. Buffalo, 35 N. Y. Supp. 359; Parsons vs. Manchester, 27 Atl. 88.)

Relative to the contention that the evidence does not show the plaintiff was in the exercise of ordinary care, she states that the place where the accident occurred was dark, and although it appears there was an arc light at an approximate distance of fifty feet from the place of the accident, we think her statement must be accepted (Weber vs. Union Dev. Co., 118 La. 77, 42 So. 652; Shidet vs. Dreyfus, 50 Ann. 281, 23 So. 837); and persons who use the sidewalks ordinarily having the right to assume the way to be reasonably safe, we do not think it could be said the plaintiff was not in the exercise of ordinary care, unless it be that she being

aware of an obstruction in the same locality could not assume that the way was safe but was bound to anticipate an obstruction in the locality, or that she, having knowledge of the obstruction in that locality, was negligent in using the sidewalk where it was so dark that she could not see the obstruction.

We do not think the evidence shows that it was "pitch" dark at the place where the accident occurred, or if it did, that plaintiff would have been guilty of negligence in using the sidewalk (Mosheurel vs. District of Columbia, 191 U. S. 258, 48 Law Ed. 174; Robertson vs. Jennings, 128 La. 795, 55 So. 375; Lemoine vs. City of Alexandria, 151 La. 562, 92 So. 58); and if the plaintiff was guilty of any negligence it could not have been by reason of her using the sidewalk, or that she was walking fast or hurriedly, but for failure to anticipate the presence of an obstruction in that locality.

The plaintiff did not say that she looked for the obstruction but she says it was dark at the place of the accident, although she says there was some reflection of the light in the street from the arc light at the intersection and that she was hurriedly walking at the time of the accident, and we think it only a fair inference from the evidence to say plaintiff could have seen the obstruction had she looked, but that the place was not sufficiently lighted for her to have noted the obstruction on a casual observation.

We have said that the city having knowledge of the position of the piece of timber as it lay on the sidewalk next to and parallel with the wall, and of the obstruction at that point, should be held to have had knowledge of the particular obstruction where plaintiff tripped and fell, which was in the same locality and caused by the

same object, for the reason that the object constituting the obstruction as it lay next to and parallel with the wall, was of such nature that the city was bound to anticipate it might be moved at any time to another position on the sidewalk in the same locality, and it appearing that plaintiff also had knowledge of- the position of the piece of timber as it lay next to and parallel with the wall, it might be urged she should be held to have had knowledge of the particular obstruction where she tripped and fell.

However, we do not think this necessarily follows, as the city's knowledge of the particular obstruction on which plaintiff tripped and fell is not primarily based upon the fact that the obstruction was in in the same locality and caused by the same object, but on the fact that the city knowing of the existence of a situation or condition which it should reasonably have anticipated would become dangerous, cannot be held to have been unaware of the situation anticipated; but this cannot be applicable to plaintiff, as it cannot be said that she, having knowledge of defendant's negligence in one instance should anticipate its negligence in another.

The plaintiff being without knowledge of the particular obstruction, had the right to assume that the way was safe, and not being bound to have anticipated the obstruction, the fact that she did not do so cannot be said to show that she was not exercising ordinary care; and as it does not appear that the object constituting the obstruction was of such bulk, or the place of the accident so lighted, as to warrant an assumption that she should have seen the obstruction, plaintiff should recover.

The plaintiff contends that the amount awarded her should be increased, and cases where similar injuries were sustained are cited in which larger amounts were allowed; but the trial court saw the plaintiff and was in a position to note the effect of the injuries, and we do not find that on the face of the record the amount allowed was inadequate.

The judgment is affirmed.