## DEGENERES v. PAN–AMERICAN PETROLEUM CORPORATION.

### No. 1289.

Court of Appeal of Louisiana. First Circuit.
March 6, 1934.

Wm. H. Talbot, of New Orleans, for appellant.

Porteus R. Burke and Jacob S. Landry, both of New Iberia, for appellee.

ELLIOTT, Judge.

Mrs. Charlotte Taylor Degeneres, while walking along the sidewalk on Main, near the corner of Jefferson street, in the city of New Iberia, in front of the Drive In Motor Oil Service Station, accidentally struck her foot against an iron intake pipe which projected above the level of the sidewalk, with the result that she fell to the pavement and was severely injured.

Drive In Motor Oil Service Station belonged to and was at the time operated by Pan-American Petroleum Corporation.

Mrs. Degeneres, alleging that the sidewalk was part of the public street, a public place for public use, that the projecting pipe had been placed in the sidewalk by Pan-American Petroleum Corporation, and that its erection and maintenance in the sidewalk was a nuisance, careless wrongful act, and fault on

the part of Pan-American Petroleum Corporation, and that her fall and injury resulted therefrom, brought suit against it for $7,060 damages on account of her injuries received in the fall.

Pan-American Petroleum Corporation for answer denies all of plaintiff's allegations except that it is a corporation. It denied that it is the owner of the Drive In Motor Oil Service Station, denied that a pipe projected from the sidewalk, as alleged by the plaintiff, alleges that the sidewalk does not extend to the place where the pipe projected and where plaintiff claims to have suffered injury as a result of striking her foot against it, and alleges that in walking where the pipe projected she was trespassing on its premises. In case it be found, however, that there was a projecting pipe, and that it was on the sidewalk, and that plaintiff was thereby injured, it then alternatively and in that event alleges that it was in plain view and could and should have been seen and avoided by any one walking on the sidewalk and using due care; that the proximate cause of the accident was the negligence of the plaintiff. Defendant denies the negligence alleged against it, but, in case it is found to have been negligent, it then, and in that event and alternative, pleads that plaintiff was guilty of trespassing on its property at the place where she was injured and that she assumed the risk of the situation as the result of her trespassing; that she was contributorily negligent in not following the sidewalk and in not looking where she was walking. It prays that her demand be rejected.

For written reasons, stating his position on every question in the case, there was judgment in favor of the plaintiff for $1610 with interest.

Defendant has appealed.

The defendant in its answer denies that it operates the Drive In Motor Oil Service Station, denies that it owns the business, and denies all of plaintiff's other averments, but on the trial it offered no evidence and submitted the case on the evidence offered by the plaintiff.

The evidence shows that Pan-American Petroleum Corporation may hold the land on which the Drive In Motor Oil Service Station is situated under a lease, but it constructed the station as well as the drive-in way in front of it, and it owns and operates the station.

The evidence shows that in erecting the station it took away the curb along the sidewalk which was there previous to the erection, and made an incline up to the sidewalk in order to facilitate the entrance of automobiles to the filling tanks. Previous to the erection of the filling station the paved part of the sidewalk in front of the building which then stood on the ground at that place was 5½ feet wide. But the ground left for sidewalk purposes was fully 9 feet wide, possibly a little wider. The excess width was not then paved, but when defendant erected this station it paved the entire open space between the property line and the street proper.

The defendant constructed a gasoline tank under the cement and placed this iron intake pipe there for the purpose of filling the tank with gasoline. The pipe was about 2½ inches in diameter and projected about 2½ inches above the pavement. People walking along the sidewalk usually passed a little to the north of the projecting pipe, but some did not, and it constituted a dangerous obstruction in the sidewalk.

A map of the place made by T. J. Jones, city engineer of New Iberia, shows the location of the pipe. It also shows approximately the property line. The map and testimony of the engineer show that the projecting pipe is on the open space used as an entrance to the filling station, but which is at the same time part of the sidewalk and about 7½ feet from the gutter, therefore on the sidewalk, about 1½ feet outside of the property line. Defendant's averments and contention that the projecting pipe is inside its property line, and that plaintiff, in striking her foot against it, was trespassing inside its property, is directly against the evidence of the city engineer and another witness on the subject.

The evidence shows that defendant placed the projecting pipe in the sidewalk of its own will and accord. The municipal authorities were not consulted and gave no consent, but never objected to what was done.

The evidence shows that Main street is the most frequently used thoroughfare in the city of New Iberia, and the passage of pedestrians along the sidewalk in front of defendant's filling station is almost constantly going on.

The evidence shows that another person previous to the plaintiff had struck his foot against this projection. Complaint was made to defendant's agents that it was a dangerous obstruction, but no effort was made to rectify the trouble, and it was allowed to remain as it was until the plaintiff received her injury, after which the pipe was promptly cut down to a level with the pavement. The

projecting pipe, previous to the time it was lowered, was visible when looked for or looked at, but it was not an obvious object to people walking along the sidewalk in front of the station and not purposely looking downward for some obstruction of the kind. To them it was inconspicuous and seldom noticed. The conclusion is justified that it was generally unseen, except after having been struck by the foot, which only occurred now and then.

The present situation is not to be likened to cases where something has been placed in a sidewalk by authority of the municipal council. Not that a municipality can authorize, even if it sought to do so, an obstruction of this kind in a sidewalk. It is sufficient to say in the present case that defendant does not claim that it was authorized by the 'city of New Iberia to erect and maintain this projection in the sidewalk in front of its property. The city of New Iberia was incorporated by Act No. 187 of 1910, and we take cognizance of Act No. 58 of 1924. Parties to the suit have not furnished us with any information as to city law and none was offered in evidence, so that we look to our general laws on the subject of the corporations of cities and the articles of the Civil Code on the subject of quasi offenses for guidance in the present case.

A sidewalk is a part of the public street, and a public street is for the common use of a city and its inhabitants and strangers alike. Civil Code, arts. 450, 454, 458.

A right of action exists in our law, Civil Code, articles 2315, 2316, 2317, in favor of a party walking along a sidewalk, using ordinary care as he walks, who suffers injury as a result of an obstruction placed in the sidewalk unlawfully, against the party or corporation responsible for the obstruction being in the sidewalk.

The question has been considered by the Supreme Court in McCloughry v. Finney, 37 La. Ann. 27; Shidet v. Dreyfuss Co., Ltd., 50 La. Ann. 280, 23 So. 837; Mahan v. Everett & Molasses Co., 50 La. Ann. 1162, 23 So. 883; Mayronne v. Keegan, 117 La. 661, 42 So. 212; Weber v. Union Development Co., 118 La. 77, 42 So. 652, 12 Ann. Cas. 1012; Rock v. American Construction Co., 120 La. 831, 45 So. 741, 14 L. R. A. (N. S.) 653; McCormick v. Robin, 126 La. 594, 52 So. 779, 139 Am. St. Rep. 549; Stern v. Davies et al., 128 La. 182, 54 So. 712; Burke v. Werlein et al., 130 La. 439, 58 So. 140; Burke v. Werlein, 143 La. 788, 79 So. 405; Long v. American Railway Express Co., 150 La. 184, 90 So. 563, 22 A. L. R. 1493;

Smith v. Baton Rouge Water Works Co., 166 La. 472, 117 So. 559; Rogge v. Cafiero, 15 La. App. 565, 131 So. 207, 132 So. 159, 134 So. 909. These decisions have considered almost every phase of negligence on the part of individuals and private corporations by placing obstructions in the streets and sidewalks which have caused injury to individuals using ordinary care walking along the street or sidewalk.

From Elliott on Roads and Streets we excerpt as follows:

"In the absence of any legislative enactment upon the subject an abutting land owner is not liable to travelers for injuries received by them because of a defect in the street in front of his premises unless such defect was caused by his own act or fault * * *

"The rule stated in the last preceding section to the effect that an abutter is not liable for defects caused by failure to repair, does not extend to defects caused by himself Where he creates the defect or dangerous condition in the highway, it is his own fault and he is liable to third persons who are injured thereby, without fault on their own part.

"If he creates a nuisance in the highway he is generally liable therefor to all who are specially damaged or injured thereby, and if he has permission but does not exercise due care he may be held liable for negligence. These decisions are well sustained and their application is shown in numerous cases referred to in the following sections:

"Where the owner makes excavations in a street or sidewalk, places obstructions thereon or otherwise renders it dangerous to passersby, he is, in the absence of contributory negligence, liable to them for an injury resulting therefrom. And if the municipality has been compelled to pay damages for such injury it may recover over from the adjoining owner by whose fault the injury was occasioned, unless as to such person the corporation is itself a wrong doer. It is not defense to an action against the abutter by the person injured, that the city may also be liable." Elliott on Roads and Streets (3d Ed.) vol. 2, subject, "Liability of Abutter," §§ 898, 899, 900, pp. 347–351, inclusive; Thompson on Negligence, vol. 1, § 1223 et seq. Ruling Case Law, vol. 13, subject, "Highway," includes streets and sidewalks. See section 330.

In this instance the evidence shows that defendant purposely erected this projec-

tion in the public space left for a sidewalk, an open space in front of its filling station, along which people using the sidewalk frequently walked. It was not an obvious danger, such as should be observed and avoided by anybody using ordinary care, but was a dangerous obstruction in the public way, to everybody using the sidewalk and not intent on looking for an obstruction of the kind so as to step over or go around it without striking it. The maintenance of such an obstruction in the sidewalk must be considered a careless act and fault on the part of the defendant rendering it liable in damages to plaintiff, who, exercising ordinary care, was tripped by it, fell, and injured herself on the pavement.

Defendant contends that plaintiff was guilty of negligence in not seeing the obstruction and avoiding it.

The plaintiff testifies that she was not looking for anything of the kind, and that the first she knew of this obstruction was when her foot struck something and she fell, and it was pointed out to her when she was assisted from the cement.

The defense of contributory negligence is not sustained.

Plaintiff answering the appeal prays that the amount allowed her in the lower court be increased to the amount claimed in her petition.

The evidence shows that the plaintiff is a cultured lady 74 years of age. Previous to her injury she had been able to support herself by teaching music and playing a piano for a moving picture show. She sustained as a result of her fall a broken wrist, dislocation of the ulna, sprained knees, cut on the scalp, bruises on the forehead and left side. She was confined to her bed ten days, and Dr. Dauterive treated her three weeks. His bill amounted to $50, and that of Dr. Shaw to $10, and she suffered a great deal of pain. Dr. Dauterive says on this subject: "Any colles fracture with a dislocated ulna will cause a lot of pain. The reason is because the ligament holding the other bone to the radius was torn, and you can not relieve that very much unless you give a narcotic." Questioned concerning her hand injury, he said: "Her hand is still impaired. She did not have free use of it; it will probably take three or six months more to give her a good hand. I think she will get a good hand, but it will take a few months yet."

The district judge says that she did not have the free use of her hand at the time of the trial, which was about seven months after the injury. Plaintiff testified that at the time of the trial she occasionally suffered pain. She has been prevented from teaching music and playing the piano since her injury, and will not be able to resume her work until she regains the use of her right hand.

The district judge in his reasons for judgment discussed the merits of the case fully and accurately, but we differ with him as to one item of damage. He says: "For suffering both physical and mental and nervous shock occasioned by the fall and her mental anxiety, not only as to her recovery, but likewise as to the loss of her sole earning power, $500.00." We think this item should be increased to $1,000. For her physical injuries he allowed $750; for loss of her earnings for twelve months at $25 per month, $300; for medical expenses $60—a total of $1,610. The item of $500 will be increased to $1,000, making a total allowance of $2,110, and, as thus amended, the judgment appealed from is affirmed; defendant and appellant to pay the cost in both courts.