This is a suit for $300 damages for physical injuries sustained by plaintiff when he struck his forehead on an awning pole hanging over the sidewalk in front of the defendant's place of business, 1627-29 Orleans Street.
The defendant, Jacob Silverman, admitted that he was the owner of the premises to which the awning was attached which, plaintiff asserts, caused his injury, but denied that the accident happened in the manner stated by plaintiff, suggesting that it was more likely that plaintiff struck his head on a lamp post which was in close proximity to the awning pole. In the alternative, it is averred that if the defendant be held guilty of negligence, that plaintiff is guilty of contributory negligence which should bar his recovery.
There was judgment below in plaintiff's favor in the sum of $108.05 and defendant has appealed. Plaintiff has answered the appeal asking that the award be increased to the amount prayed for.
Defendant operates a retail store in Orleans Street in the City of New Orleans. There is a balcony or shed extending from the second story of the building about eight and one-half feet over the sidewalk. Attached to the edge of this balcony is a canvas awning with an awning pole at the end of it, which is used to shade the sidewalk. There are strings attached to the awning pole which, when extended to full length, are tied to rings near the curbing of the sidewalk. There is also a small side awning at the Claiborne Avenue side of defendant's store which forms a right angle with the larger awning. This side awning hangs nearly all the way to the sidewalk with an opening or flap through which pedestrians may pass.
On the day of the accident, Harold Bordenave, the plaintiff, was driving by defendant's store with a Mr. Lomenick, the manager of the Stef Lumber Company, with which Bordenave had been or was about to be employed. Mr. Lomenick sent Bordenave into the Silverman store to purchase a memorandum pad and waited outside in his automobile for his return. Bordenave either ran or walked through the flap opening in the side awning and struck the pole of the front awning with his forehead. We say that he struck the pole, though that is a controversial matter, because there is no other reasonable hypothesis which could account for the fact that as he entered the flap awning he received a blow on the head which caused it to bleed profusely. There is nothing in the record to support defendant's contention that plaintiff struck the post on the outside of the awning. Plaintiff was seen by Mr. Lomenick to enter the side awning for the purpose of going into the store and afterwards when he came out with blood dripping over his clothes from a wound in his forehead. Defendant's daughter, who did not testify, is also said by the plaintiff to have seen his predicament. The awning pole is said to have been four feet, four inches from the ground and much is made of the fact that Bordenave, who is five feet, nine inches tall, was struck in the forehead. It seems to us, however, that when Bordenave entered the side awning he not unnaturally stooped or bent over a bit. *Page 748 
Bordenave went to a neighboring drugstore with Mr. Lomenick and he was seen there by the defendant, Silverman, who came over shortly after plaintiff's arrival. Silverman admits that he saw plaintiff bleeding from the forehead.
Dr. John J. Donasier, a physician residing in the neighborhood, treated plaintiff, taking two sutures in his forehead and giving him an anti-tetanus serum.
We do not believe that the plaintiff was guilty of contributory negligence.
In Degeneres v. Pan-American Petroleum Corporation, 153 So. 481, 483, the Court of Appeal for the First Circuit, said:
"A sidewalk is a part of the public street, and a public street is for the common use of a city and its inhabitants and strangers alike. Civil Code, arts. 450, 454, 458.
"A right of action exists in our law, Civil Code, articles 2315, 2316, 2317, in favor of a party walking along a sidewalk, using ordinary care as he walks, who suffers injury as a result of an obstruction placed in the sidewalk unlawfully, against the party or corporation responsible for the obstruction being in the sidewalk."
In Lemoine v. City of Alexandria, 151 La. 562, 92 So. 58, 59, the Supreme Court said: "All that is required of a pedestrian upon a street or sidewalk is ordinary care, and this does not necessitate his looking constantly where he is going. He has the right to assume that the roadway is safe for travel. Weber v. Union, etc., Co., 118 La. 77, 42 So. 652, 12 Ann.Cas. 1012; McCormack v. Robin, 126 La. [594] 598, 52 So. 779, 139 Am.St.Rep. 549."
The amount awarded below seems to us to be inadequate. Plaintiff suffered a painful blow on his forehead and he was required to take the anti-tetanus serum. His medical expenses amounted to $8.05. We will allow him $150 plus his medical expenses or a total of $158.05.
For the reasons assigned the judgment appeal from is amended by increasing the amount awarded plaintiff from $108.05 to $158.05, and as thus amended it is affirmed.
Amended and affirmed.
 *Page 177